ALBANY,
Feb. 1824.

THE PEOPLE *against* BRADWELL.

The People
v.
Bradwell.

CERTIORARI to the Court of Oyer and Terminer of the county of Washington. The defendant was indicted in the Court of General Sessions of the Peace, for feloniously passing several counterfeit bank bills. A Circuit Court, and Court of Oyer and Terminer, were duly appointed, to be holden at the Court house in the town of Salem, in the county of Washington, on the 1st Monday of January, 1824; on which day Judge WALWORTH appeared, and opened the Circuit Court, and proceeded to business therein; but neither of the county Judges arrived during that day. On the adjournment of the Circuit Court, on Monday evening the Circuit Judge discharged the grand jury, on the supposition that the Oyer and Terminer could not be adjourned by him, or be opened on a subsequent day. On Wednesday, WENDELL and SPRAGUE, two of the county Judges, appeared and took their seats; and the Oyer and Terminer was then opened, for the first time. The prisoner pleaded not guilty; and, on trial, the jury found a verdict of guilty. The counsel for the prisoner then moved in arrest of judgment, on the ground that the Court was irregularly holden, and had no power to try him. A majority of the Court of Oyer and Terminer decided the proceedings were regular, but at the suggestion of the Circuit Judge, who dissented from that opinion, they suspended the judgment and directed the District Attorney to remove the record into this Court, to the end that the question might be determined here.

*A court of oyer and terminer cannot be adjourned by a circuit judge, or otherwise by reason that a number of the county judges sufficient to make a quorum are not present at the day appointed for holding it. And where a quorum did not appear till the third day of the circuit, and then opened the oyer and terminer and convicted a criminal; held, that the proceeding was* coram non judice. *But the court, on certiorari, ordered a rule to set aside the proceedings so as to prevent any advantage by a plea of* auterfois convict.

*J. B. Lathrop*, District Attorney. The number of Judges necessary to constitute a Court of Oyer and Terminer, did not arrive till Wednesday; and the only question is, whether the Bench of that Court must be full at the precise day appointed for holding the Court; or whether it be sufficient

ALBANY,
Feb. 1824.
——————
The People
v.
Bradwell.

if so at a subsequent day during the Circuit. The statute provides, that if the Circuit Judge shall not arrive at the day appointed, before 4 o'clock P. M. the Sheriff or Clerk may adjourn to 9 o'clock A. M. of the next day, and at any time before 8 P. M. of the 2d day, the Circuit Judge may open his Circuit, and a quorum of the Oyer and Terminer may open that Court; (sess. 46, c. 182, s. 8, 1 R. L. 337.) The 5th section of the act concerning the Supreme Court, (1 R. L. 319,) provides for adjourning that Court; and provision is also made by another statute for adjourning the Courts of Common Pleas. (2 R. L. 147, s. 7.) The statute (sess. 46, c. 182, s. 9,) authorizes a Court of Oyer and Terminer to be holden at the *time* and *place* of holding the Circuit. True, there is no express provision for adjourning the Oyer and Terminer, by reason of the absence of any of the Commissioners, other than the Circuit Judge. The legislature did not deem this necessary. They evidently consider the Court a kind of incident to the Circuit, an adjournment of which carries the Oyer and Terminer with it. This appears from their having provided for an adjournment of all the other Courts, without noticing the Oyer and Terminer. No notice of holding a Court of Oyer and Terminer need be published, though otherwise as to the Circuit Court; (sess. 46, ch. 182, s. 5.;) nor can the Circuit Judge appoint the Oyer and Terminer at any other time than that of his Circuit. The power of appointing special Courts of Oyer and Terminer is reserved to the Governor and Senate. (Id. s. 9.)

*J. Williams*, for the prisoner. The case presents a Circuit Judge opening his Court on the first day of the Circuit, announcing that no Court of Oyer and Terminer can be holden for default of the other Commissioners, who appear two days after, overrule him, and proceed to the trial and conviction of the prisoner. The acts of 1813, and 1823, which have been cited, are the same in substance, so far as they relate to adjournments. The Court of Oyer and Terminer which has existed for centuries, and exercised the most important powers, is not very aptly considered a

mere incident to the Circuit. But suppose it to be so, it was then dismissed by adjourning the Circuit from day to day, without noticing or continuing the Oyer and Terminer. The position on the other side, would place that Court entirely under the control of the Circuit Judge; and in this, be inconsistent with that part of the act which makes Judges of the county Court Commissioners. It is admitted that the statute contains no express provision for adjournment; and if there is an implied right to adjourn, it was not exerted. If a Court is not holden on the day fixed by law, it has no jurisdiction. This is so considered by the statute, which carefully provides for adjourning all the other Courts.

*Lathrop*, in reply, said that no evil could arise, from considering both Courts continued. The Oyer and Terminer cannot be holden except during the Circuit, and the jurors who are returned for this Court are to act as jurors of the Oyer and Terminer. This is another feature in the statute showing an intention to make the Oyer and Terminer merely incidental to the Circuit.

*Curia.* There is no express provision, in the statute, for adjourning in a case like the present; and we think there is no implied power to adjourn. The proceedings of the Judges were *coram non judice*, and void; and we advise that the prisoner be arraigned, plead, *de novo*, and be tried at the next Oyer and Terminer for Washington county.

*Lathrop*, suggested that as the record was, he might be embarrassed, on bringing up the prisoner at the next Oyer and Terminer, by a plea of *auterfois convict*, and submitted whether the Court would not direct a rule to be entered, setting aside the proceedings; and THE COURT directed the Clerk to enter a

Rule accordingly.