## THOMAS *et al. v.* FOGARTY *et al.*

UNDER the ninety-fifth section of the Act of 1853, concerning Courts of Justice and Judicial Officers—which provides that "If no Judge attend on the day appointed for holding the Court, before noon, the Sheriff or Clerk shall adjourn the Court until the next day at ten o'clock, and if no Judge attend on that day before noon, the Sheriff or Clerk shall adjourn the Court until the following day, and so on from day to day for one week. If no Judge attend for one week, the Sheriff or Clerk shall adjourn the Court for the term."—the Sheriff, in the absence of a Judge, adjourned the Seventh District Court for Napa on Monday, February 3d—the commencement of the term—until the next day, and so on from day to day until Saturday, February 8th, when the Judge being still absent, the Sheriff adjourned the Court for the term : *Held,* that this last adjournment was a nullity ; that the intention of the statute was to prevent the term being lost in case of the absence of the Judge during the first week ; and that the Sheriff has no power to adjourn until the expiration of the week.

*Held, further,* that, in this case, a judgment entered by the Court on the tenth of February is valid, notwithstanding the adjournment for the term by the Sheriff on the eighth of the month.

APPEAL from the Seventh District.

To the facts stated by the Court it is necessary to add only that— the Sheriff having adjourned the Court on Saturday, at noon, until the next regular term—on Monday, February tenth, the Court was opened at the usual hour, the District Judge, the Clerk and Sheriff being present. The Court thereupon ordered that the minutes of Saturday, February eighth, be amended by striking out the words "next regular term," and inserting the words "Monday next, at ten o'clock, A. M." On Monday the decree of foreclosure in question was rendered, all parties who had answered, including the mortgagors, being represented by their attorneys, and consenting to a reference to ascertain the amount due.

*A. A. Cohen,* for Respondents, argued that the adjournment by the Sheriff on Saturday was void, citing *Davis* v. *Fish,* 1 Iowa, (Greene) 406.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Thomas *v.* Fogarty.

This is an appeal from a judgment of foreclosure rendered by the District Court for Napa county. The judgment was rendered on the tenth of February, 1862; and the only point made is, that prior to that time the Court was adjourned for the term. The objection is based upon the ninety-fifth section of the Act concerning Courts of Justice and Judicial Officers, and the question is as to the construction of that section. The section reads as follows: "If no Judge attend on the day appointed for holding the Court before noon, the Sheriff or Clerk shall adjourn the Court until the next day at ten o'clock, and if no Judge attend on that day before noon, the Sheriff or Clerk shall adjourn the Court until the following day, and so on from day to day for one week. If no Judge attend for one week, the Sheriff or Clerk shall adjourn the Court for the term." In this case, Monday, the third of February, 1862, was the day appointed for holding the Court, and the Judge not being in attendance, adjournments were had from day to day until Saturday, the eighth of February, when the Sheriff declared an adjournment for the term. We are of opinion that this adjournment was premature, and that the Sheriff acted not only without authority, but in contravention of the express provisions of the statute. The words "from day to day for one week" were not satisfied by an adjournment from day to day from Monday until Saturday; and the intention obviously was to prevent the term from being lost in case of the absence of the Judge during the first week. The provision that "if no Judge attend for one week, the Sheriff or Clerk shall adjourn the Court for the term," furnishes no authority for an adjournment until the expiration of the week, and an adjournment prior to that time is a nullity.

This view of the construction of the statute disposes of the case in favor of the respondents, and the judgment is therefore affirmed.