State v. Roberts.

THE STATE OF NEVADA, RESPONDENT, v. J. BEDFORD ROBERTS, APPELLANT.

No VALID CONVICTION EXCEPT AT LEGAL TERM OF COURT.   Where a person was tried and found guilty of crime at a term of the district court, which was not authorized by statute : *Held*, that such conviction was void.

No LEGAL TERM OF COURT EXCEPT AT TIME PRESCRIBED. . Where the June term of a district court was fixed by statute to commence on June 5; but the judge did not make his appearance until June 22 and then held what purported to be the June term, without however having ordered an adjournment as provided by law (Stats. 1869, 136): *Held*, that the June term had lapsed and that all the proceedings were *coram non judice*.

PROVISION TO PREVENT LOSS OF TERM.   The purpose of section 52 of the act concerning courts and providing for adjournments (Stats. 1869. 136) is to prevent the loss of a term in case of the failure of the judge to attend on the first day of the term.

Time and Place of Holding Courts—Certainty. The intention of the legisla-
ture in prescribing the times for the commencement and the place for holding
the terms of the district court is to attain certainty.

No Valid Judgment except at Prescribed Time and Place. It is indispensable
to the validity of a judgment that it be rendered at the time and place prescribed
by law.

Appeal from the District Court of the Second Judicial
District, Washoe County.

The defendant, together with one Charles Beaver, was in-
dicted for robbing Walter M. Thomas of $93 in coin on Jan-
uary 31, 1871. The cause was to have regularly come on for
trial at the June term, 1871, of the district court at Reno.
It was called and the trial proceeded on July 10. On
motion of the district attorney, Beaver was discharged on
the understanding that he was to be used as a witness for
the State; and Roberts was convicted of robbery as charged
and sentenced to imprisonment in the State prison for the
term of ten years.

On the calling of the case for trial the defendant's counsel
objected to proceeding on the ground that the court had no
jurisdiction for the reason that there was no legal term. In
support of their objection they showed that the day pre-
scribed by law for the commencement of the June term,
1871, was June 5 and the place Reno; that no such term of
court was held or called to be held in Reno prior to June
22; and that no judge had before the expiration of one week
from June 5 ordered the court to be adjourned to any day
within the June term, "except that said court was called at
Washoe City and there adjourned and then held from day
to day during said week and up to and including the 21st
day of June, 1871." The objections were overruled and de-
fendant excepted.

A motion for new trial having been overruled, defendant
appealed from the judgment and order.

R. H. Taylor and A. C. Ellis, for Appellant.

L. A. Buckner, Attorney General, for Respondent.

By the Court, BELKNAP, J.:

The legislature of the State of Nevada at its fourth session appointed the first Monday in January, June and October as the days for the commencement of the terms of the district court in the County of Washoe. The district judge did not appear at Reno, the county seat, for the purpose of holding the June term of court until the twenty-second day of June; nor was there any pretense to adjourn court at any time prior to that date in compliance with the provisions of section 52 of the act concerning courts of justice and judicial officers, as amended March 5, 1869. At the term thus holden the defendant was tried; and the only question necessary to a determination of this appeal is whether he was tried at a legal term of court.

Amended section 52, referred to, reads as follows: "If no judge attend on the day appointed to hold the court before noon, the sheriff or clerk shall adjourn the court until the next day at ten o'clock, and if no judge attend on that day before noon the sheriff or clerk shall adjourn the court until the following day, and so on from day to day for one week; if no judge attend for one week the sheriff or clerk shall adjourn the court for the term; *provided*, before the expiration of one week the judge shall order by letter or telegram to adjourn the court to any day within the term, the sheriff or clerk shall adjourn the court to the day so ordered."

The purpose of this statute is to prevent a loss of the term in case of the failure of the judge to attend on the first day of the term. "Leave this section out of the statute and the loss of a term is the consequence of a failure of a judge to appear on the day appointed for holding the court." *People* v. *Sanchez*, 24 Cal. 17. Hence the term was lost unless saved by the proceedings at Washoe City.

Section 18 of the act before referred to provides that "the terms of the district court shall be held at the county seat of the several counties." In exceptional cases the judge is authorized to hold court at a place other than the

State v. Roberts.

county seat; but it is not pretended that any of the statutory exceptions existed in this case. The intention of the legislature in prescribing the time for the commencement and the place for holding the terms of the district court was to attain certainty. The principle of a fixed notice by the legislature rests upon public convenience; otherwise suitors, grand and trial jurors and others interested in the proceedings of the court would be kept in attendance upon an uncertainty of time and place. "Certain fixed times and places" were said by Spelman to be essential to the existence of a court; and these essentials have been recognized by lexicographers, text-writers and judges ever since his time. It is indispensable to the validity of a judgment that it be rendered at the time and place prescribed by law: the proceedings in this case were therefore *coram non judice* and void.

The judgment of the district court is reversed, and the cause remanded for a new trial.