PETER DALTON, Appellant, v. WILLIAM LIBBY AND THOMAS LAMBURTH, Respondents.

REMEDY IN EQUITY TO SET ASIDE VOID JUDGMENT. Where a party, against whom a void judgment has been rendered, exhausts his remedy by motion to have it set aside, he may maintain a suit in equity for that purpose.

JUDGMENT RENDERED OUT OF TERM VOID. A judgment rendered at a time and place other than those appointed by law, is no judgment; it is not merely erroneous; it is void.

JUDGMENTS NOT SET ASIDE IN EQUITY FOR MATTERS AVAILABLE AS DEFENSE. In a suit to set aside a judgment on an injunction bond, on the ground that the judgment in the injunction suit was rendered out of term and therefore void: *Held*, that the facts touching the invalidity of the judgment in the injunction suit should have been set up in defense to the action on the bond; and in the absence of such defense the judgment on the bond should stand.

Appeal from the District Court of the Second Judicial District, Washoe County.

This was an action in equity brought for the purpose of setting aside a judgment, rendered in the same court in favor of defendants in the case of Dalton v. Libby and Lamburth; also to set aside two judgments in the same court, one in favor of Libby against Dalton, and one in favor of Lamburth against Dalton; and for an injunction to enjoin the enforcement of the judgments against Dalton. After

the commencement of the suit of Dalton *v.* Libby and Lamburth, an act of the legislature removing the county seat of Washoe County from Washoe to Reno, took effect; but before the term commenced, the district court pronounced the act unconstitutional, and enjoined the officers from removing the archives. In this state of the decision the term came on and court was opened at Washoe. Afterwards the Supreme Court reversed the decision of the district court, and held the act constitutional; whereupon the court adjourned to Reno, and held out at that place the term which had been commenced at Washoe; and among other things tried at Reno, at such so-called adjourned term, the case of Dalton *v.* Libby and Lamburth, which resulted in favor of defendants. There had been an injunction in that case, and subsequently Libby and Lamburth brought separate actions against Dalton and his sureties on the injunction bond. These suits resulted in favor of Libby and Lamburth respectively, and on appeal the judgments were affirmed. See *Libby* v. *Dalton, ante* 23, *and Lamburth* v. *Dalton, ante* 64.

*Haydon & Cain,* for Appellant.

I. The trial in Dalton *v.* Libby and Lamburth was had and the judgment rendered out of term, and the judgment was therefore void. *State* v. *J. Bedford Roberts,* 8 Nev. 241; Freeman on Judgments, Secs. 98, 117, 121. Such judgment should be set aside on motion; but plaintiff exhausted his remedy by motion, which was denied; and his remedy now is by suit in equity. *Henly* v. *Hastings,* 3 Cal. 341; *Allender* v. *Fritz,* 24 Cal. 447; Freeman on Judgments, Sec. 511; *Bibend* v. *Kreutz,* 20 Cal. 114, 115; *Wilson* v. *Montgomery,* 14 S. & M. 205; *Connery* v. *Swift, ante* 39.

II. If the judgment in the injunction suit was void, it follows as a corrollary that the two judgments on the injunction bond are equally nullities. All cause of action on the

bond depends upon the fact whether the court did or did not finally decide that plaintiff was not entitled to such injunction. If the judgment on that question was void, as we have shown, there was of course no cause of action on the bond and the court had no jurisdiction of the subject matter; and, though there was no objection either by demurrer or answer, and though the objection did not appear on the face of the complaint explicitly or at all, it was still not waived. *Lake Bigler Road Co.* v. *Bedford*, 3 Nev. 403.

*Robert M. Clarke*, for Respondents.

I.   The district court having pronounced the statute removing the county seat of Washoe County from Washoe to Reno unconstitutional and void, such decision became, and was the law until reversed. Washoe was the county seat in the interim between such decision and the judgment of reversal by the Supreme Court; and it was therefore the proper place to open and hold the court. The term therefore did not lapse.

II.   Admitting that the term lapsed by reason of the failure to open it at Reno on the first day of the term, nevertheless the judgment is conclusive and cannot be attacked in the manner attempted. The objection should have been taken at the trial below, and reviewed by appeal as in the case of the *State* v. *Roberts*, 8 Nev. 239 ; Freeman on Judgments, 86, 87 ; 1 Indiana, 133 ; 2 Florida, 267 ; 18 Pickering, 393 ; 41 Cal. 255 ; 44 Cal. 85.

III.   In the cases on the bond, the court had jurisdiction of the subject matter and parties. No fraud was pretended; and nothing now appears except the neglect of Dalton to interpose the defense that the judgment in the injunction suit was void, which might have been interposed and which was directly involved. The court cannot con-

sistently with established law relieve Dalton from the conse-sequences of this neglect. The case cannot be re-opened and relitigated in this way.

*Haydon & Cain,* for Appellant, in reply.

It is conceded that we cannot interpose any " defense " at this time to the judgments of Libby *v.* Dalton and Lamburth *v.* Dalton. We do not allege any defense in the complaint, nor rely upon any; all we seek to do is to show an *original inherent fatal defect* in these judgments, that makes them void *ab initio,* by reason of there being no cause of action whatever to support them.

By the Court, WHITMAN, C. J.:

Appellant, by his bill, seeks to avoid three several judgments: first, the decree and judgment rendered on the fifteenth of July, 1871, in favor of respondents against him. His motion to that effect was denied in the district court; and he is entitled to maintain this bill, having exhausted his legal remedy, upon the ground that such judgment and decree were void. *State* v. *Roberts,* 8 Nev. 239. The facts upon which this court stands for this holding, appear fully in the case cited; therefore it is unnecessary to repeat them here.

The other two judgments are identical, and may be considered as one, for the purposes of this decision; they were obtained on an injunction bond, executed in the original cause before mentioned. The cases were tried at a regular term of the district court, appellant made defense there, and here; where on appeal from the judgments they were affirmed. Respondents insist that appellant should not have the relief asked by him against them; and that the order

denying his application for an injunction should be sustained. This upon two grounds; first, that the original judgment was erroneous rather than voidable or void. This is not tenable; it purported on its face to be rendered by a court at a regular term; when in fact it was rendered by no court, at no term, and was in fact and law no more the judgment of the court than if an arrant forgery. Secondly, it is claimed that appellant should have set up the facts touching this judgment in defense of the suits in which the judgments here complained of were rendered. This position is correct; for while the original judgment must upon showing of the whole record of the court be pronounced void, yet it does not so appear of its own record; that, being regular on its face, required extraneous facts to be shown to impeach it. To illustrate: had the original judgment become the foundation of a suit against appellant in another state, it must be allowed that it would have sustained a judgment; no proof being made of its invalidity. So here; to these suits based upon the injunction bond, which gave no cause of action until final judgment in the case had vitalized it; it was a complete defense to show no such judgment; but in the absence of such showing, which could have been made and was not, these judgments should stand, because apparently there was such final judgment.

Appellant claims that he was not called upon to defend against a nullity; that there could be no action upon the injunction bond until there was final judgment in the case, wherein it issued; and that there was no such judgment. The fault of this position is, that apparently there was a regular judgment; and there was nothing in the record of the case itself, taken by itself, to show the contrary. Thus proof being necessary to show its invalidity, it was the duty of the party desiring its aid to produce it.

The very complaint in this case tends to prove respondents' point good. A court of equity will not interfere to

relieve against a judgment void on its face ; because relief in such form is unnecessary.   If then, as in this case, the present complaint states facts sufficient to warrant a court of equity in setting aside the original judgment, does it not follow that what is good ground for relief in this case, upon the point stated, would have been equally good matter of defense to those suits, growing directly out of the original judgment; and being known and within the power of appellant to produce, as it was; does not such production become absolutely incumbent upon him ?   It certainly seems beyond argument that this is so.   If so, then it was laches on appellant's part not to make such defense, and he cannot claim equitable interposition to remedy such neglect.

That portion of the order of the district court denying the prayer of appellant's complaint as to the judgment and decree in the case of Peter Dalton *v.* William Libby and Thomas Lamburth of date July 15th, 1871, is reversed; the remainder is affirmed, at appellant's costs.