*In the matter of the Petition of* IRA N. TERRILL *for a Writ of Habeas Corpus.*

1. COURT—*Adjournment by Clerk.* When the time fixed by law for the holding of a term of court arrives, and the judge is not present, the clerk of the court cannot, in the absence of statutory authority to that end, adjourn the court to a future day.

2. ———— *Lapse of Term.* In the absence of such a statute, the consequence of the nonattendance of the judge is the lapse and loss of the term.

3. JURISDICTION—*Void Judgment.* The court must exercise its jurisdiction within its terms as regulated by law; and where a person is tried and convicted at a time when the court cannot be legally held, the proceedings are void, and the judgment a nullity.

*Original Proceeding in Habeas Corpus.*

PETITION by *Terrill* for release from custody. The facts appear in the opinion, filed October 7, 1893.

*C. R. Buckner,* for petitioner.

*Sterling P. King,* and *Harris Huston,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: An indictment was returned by the grand jury of Payne county, Oklahoma territory, charging Ira N. Terrill with the offense of murder, and at the trial, held September 26, 1892, he was convicted of the offense charged, and the punishment fixed by the jury was imprisonment in the penitentiary at hard labor for life. Subsequently the sentence of the court was pronounced, adjudging that Terrill be confined in the territorial penitentiary at Lansing, Kas., for the term of his natural life, where he was conveyed, and is now held in custody by the warden of that prison. He seeks release here by a proceeding in *habeas corpus,* and in his application he alleges several grounds why his imprisonment is illegal, only one of which it will be necessary to notice. He asserts that the trial was had and the judgment rendered at a time not authorized by law; that the court was then without jurisdiction to take any proceedings against him, and hence the sentence and judgment of the court are absolutely void.

In pursuance of law, the terms of the district courts of Oklahoma were fixed by order of the supreme court, and the terms are required to be held in the county of Payne commencing on the third Tuesday in April and the first Tuesday of November of each year. The petitioner was tried in 1892, and during the time within which the April term might have been held; but it appears that the judge of that court was not present at the time and place when the April term of court should have begun, nor was he present in person for several days afterward. The court should have been opened on April 19, but the judge did not appear until the 26th of that month, when he opened and held court until April 30, 1892. Several adjournments were made by the court, one of which was to June 14, 1892, but the judge of the court again failed to appear, when the clerk attempted to adjourn the court un-

til August 16, 1892. At the latter date the judge appeared in person and held court from time to time, with intervening adjournments, until September 26, 1892, when the trial and conviction of the petitioner occurred.

The failure of the judge to appear and open court upon the day appointed resulted in the loss of the term, and proceedings had by a court at a time not authorized by law are absolutely void. There was then no statute of Oklahoma providing for the adjournment of the court by the clerk or other of its officers in case of the nonattendance of the judge. A statute since enacted, and which went into effect in August of the present year, provides that, if the judge of a court fails to attend at the time and place appointed for holding his court, the sheriff shall have power to adjourn it from day to day until the judge does attend or a judge *pro tem.* is selected; and if the judge is not present and a judge *pro tem.* is not selected within two days after the first day of the term the court stands adjourned for the entire term. (Statutes Okl., ¶ 4626.) There is ample power in a court which has been regularly convened to adjourn to a future time, provided it be not beyond the term; but, in the absence of a statute authorizing it, the clerk or other ministerial officer cannot act for the judge in either opening or adjourning court. The clerk is a ministerial officer, and without statutory authority can exercise no judicial function. The opening, holding and adjournment of court are the exercise of judicial power, to be performed by the court. To perform the functions of a court, the presence of the officers constituting the court is necessary, and they must be present at the time and place appointed by law. A "court" is defined by Bacon to be "an incorporeal political being, which requires for its existence the presence of its judges, or a competent number of them, and a clerk or prothonotary, at or during which, and at a place where it is, by law, authorized to be held, and the performance of some public act indicative of the design to perform the functions of a court." (Bac. Abr., title "Court," A; Hawes, Jur., § 27.) "To give existence to a court, then,

<div style="margin-left:0">2. Lapse of term.</div>

its officers and the time and place of holding it must be such as are prescribed by law." (*Hobart v. Hobart*, 45 Iowa, 503.) There being no authority in law for the clerk to open and adjourn court, the consequence of the failure of the judge to appear upon the day appointed for holding the court was the loss of the term. (*U. P. Rly. Co. v. Hand*, 7 Kas. 380; *People v. Bradwell*, 2 Cow. 445; *People v. Sanchez*, 24 Cal. 17; *The State v. Roberts*, 8 Nev. 239; Brown, Jur., § 22; 12 Am. & Eng. Encyc. of Law, 296.) In the case of *Wight v. Wallbaum*, 39 Ill. 554, the court was regularly in session on the 23d of August, and regularly adjourned until the following day. After that time, several adjournments were entered when no judge was present. In reviewing the question, the court said:

1. Court—adjournment by clerk.

"After the 23d, for want of a judge, no legal business could have been transacted, and for that reason the court stood adjourned. The judge who opened court might no doubt have adjourned to a specified day, had the business of the court required it, and business might have been regularly resumed at that time. The judge had no power to authorize the ministerial officers of the court to exercise judicial powers, even in opening and adjourning the court. They not having such authority, and the court not having been opened on the 24th by a judge authorized to exercise the jurisdiction of the court, it stood adjourned after the 23d, and that must be regarded as the last day of the term." (See, also, *In re Millington*, 24 Kas. 214; *Lewis v. Hoboken*, 42 N. J. L. 379; *Hoye v. The State*, 39 Ga. 718; *Wightman v. Karsner*, 20 Ala. 446; *Brumley v. The State*, 20 Ark. 77; *Thomas v. Fogarty*, 19 Cal. 644.)

The failure of the judge of the district court for Payne county, Oklahoma, to attend and open court upon the appointed day operated to end the term; and no further session of the court could be held until the next regular term, or until a special term was legally called. To meet such exigencies, most of the states have enacted statutes for preserving the term similar to those now in force in Oklahoma territory and in Kansas. In the absence of such a statute, the clerk was powerless to keep the court open until the arrival of the judge, many days after the time for the com-

mencement of the term. The petitioner was tried after the April term had lapsed, and the proceedings in connection with his trial and conviction must be regarded as *coram non judice* and void. Although the right of the court to inquire into the illegal restraint of the petitioner is questioned, no substantial objection to its jurisdiction is or can be urged. He is imprisoned in Kansas and within the jurisdiction of the court, and there is undoubted power in the court to inquire into the cause of his restraint. Having been tried and convicted at a time when the court could not be legally held, the court was without jurisdiction, and the conviction was void.

3. Jurisdiction— void judgment.

While the petitioner must be released from imprisonment at the penitentiary, and from the custody of the warden, our judgment will not operate as an unqualified discharge. So far as appears here, he was regularly indicted; and, as the proceedings had against him were without jurisdiction and void, it is possible there was no jeopardy, and that another trial may be had. The warden will, therefore, be directed to release the petitioner from imprisonment in the penitentiary, and deliver him to the custody of the sheriff of Payne county, Oklahoma territory, and for such further proceedings as the prosecuting officers may desire to take.

All the Justices concurring.