*In the matter of the Petition of* MATTHEW H. McCLASKY
*for a Writ of Habeas Corpus.*

COURT—*Adjournment by Clerk.* The presence of the judge of the district court in and for Payne county, Oklahoma territory, on the first day of the November term, 1892, of that court was indispensable to the validity of the subsequent proceedings purporting to have been held in the November term of that court, and the clerk of the court had no authority, in the absence of the judge, to adjourn the court to a future day, nor had the judge power, while in another county, to authorize the clerk of the court to exercise any judicial powers in opening and adjourning court.

*Original Proceeding in Habeas Corpus.*

PETITION by *McClaskey* for release from custody. The opinion, filed October 7, 1893, states the facts.

*C. R. Buckner,* for petitioner.
*Sterling P. King,* and *Harris Huston,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in *habeas corpus* to release from custody Matthew H. McClaskey, who is imprisoned in the state penitentiary at Lansing, Kas. The proceeding presents substantially the same question that has been answered in the case of *In re Terrill,* just decided. The petitioner was indicted for murder at the April term, 1892, of the first judicial district court for the territory of Oklahoma, within and for Payne county. A trial was attempted on November 14, 1892, at what purported to be the November term of the court, which resulted in a conviction and a sentence of imprisonment at hard labor for life. He was committed to the state penitentiary of Kansas, it being also the prison for the territory of Oklahoma. The November term of the court should have begun on the first day of that month, but the Hon. E. B. Green, who was the presiding judge of the court, failed to attend. He sent an order from another county by mail

directing an adjournment of the court until the 10th day of November, 1892. When the 10th of November arrived, the judge of the court was again absent. The clerk undertook to adjourn the court until the following day. Upon that day the judge appeared, and convened the court, after which followed the trial and the conviction of the petitioner.

The failure of the judge to appear and open court upon the 1st day of November resulted in the loss of the term. The presence of the judge at the time appointed by law for the holding of the court was indispensable to the validity of the subsequent proceedings, and the judge had no authority, by an order made in another county, to authorize or direct the ministerial officers to exercise judicial powers in opening and adjourning court. (*In re Terrill,* supra.) Following the judgment in the Terrill case, the respondent will release the petitioner from imprisonment in the penitentiary, and deliver him to the custody of the sheriff of Payne county, Oklahoma territory, there to answer the charges in the indictment under which he was originally arrested.

All the Justices concurring.