Holman v. Hogg.

JOHN R. HOLMAN et al., Respondents, v. JAMES R. HOGG et al., Appellants.

**St. Louis Court of Appeals, February 27, 1900.**

1. **Forcible Entry and Detainer: STATUTORY CONSTRUCTION: PRACTICE TRIAL: APPEALS.** The law applicable to actions of forcible entry and detainer and appeals from judgment in such actions, constitutes a special and preclusive code, and unless rigidly complied with the supervising court acquires no jurisdiction of the subject-matter.

2. **Terms of Court: ABSENCE OF JUDGE OF COURT: STATUTORY CONSTRUCTION: ADJOURNMENT OF COURT BY THE SHERIFF.** In the case at bar, the absence of the regular judge of the circuit court of Butler county on the day (Nov. 2, 1896) when it was required to be held by law (Acts 1895, p. 141) limited the term which then began to three days, beyond which it could not have been continued under the facts in this record, unless the judge had made his appearance before the expiration of this period.

3. ———: ———: ———: **PROCLAMATION OF SHERIFF.** And the proclamation of the sheriff, that the court should stand adjourned from the first to the third day and afterwards to the fourth day being unauthorized by any notice or direction from the regular judge, was wholly futile.

4. ———: ———: ———. Neither did the appearance of the regular judge himself on the fourth day following that prescribed by law for the beginning of the term, galvanize the lapsed term into life.

5. ———: ———: ———. In the case at bar there being no term of the circuit court in existence at the time the judgment of the justice was rendered, the appeal from such judgment was not returnable until the next regular term, May 7, 1897.

Appeal from the Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Phillips & Phillips* for appellant.

(1) Circuit courts can hold sessions only at the time prescribed by statute, and can adjourn to a day certain only by order made of record during term time, or by proclamation at the court house door pursuant to the order of the judge. Stovall v. Emerson, 20 Mo. App. 322; Merriam v. Ross, 118 Mo. 47. (2) The judicial power in this state can only be exercised at the time and place prescribed by law. Accordingly the statutes have, with great partiality, specified the day on which each court shall meet.    Out of abundant caution it is provided that, if the judge shall be detained, the sheriff may adjourn the court till the third day, when, if the judge is still absent, he may adjourn to the next regular term, and it is provided that the courts may, upon notice, call special terms; but the whole scope of the legislature on this subject, as well as on the common law, is to the effect that only at stated times, and places specified, can a court lawfully meet.    R. S. 1889, sections 3248, 3249, 3250; State ex rel. v. Ross, 118 Mo. 46. The mere coming together of the judge and the other officers of the court, unless at a time fixed by law, or on a day to which court has been lawfully adjourned, does not constitute a court under our law.    Freeman on Judgments, sec. 121; Stoval v. Emerson, 20 Mo. App. 222.

No brief for respondent furnished reporter.

BOND, J.—This action of forcible entry and detainer was begun before a justice of Butler county, and on December 10, 1896, within ten days after judgment, an appeal was taken to the circuit court, and on the twenty-sixth of January,

1897, plaintiffs filed in the circuit court a transcript of the record and proceedings of the justice's court, and moved to affirm the justice's judgment, for that defendants had not before then filed such transcript in prosecution of their appeal. On the next day defendants filed a similar transcript. This motion to affirm was sustained, after which a new trial was granted. From this date, February 15, 1897, the motion to affirm was continued during successive terms of the circuit court until the May term, 1899, when it was renewed, and being submitted was overruled, and thereafter the order overruling it was set aside, and it was sustained.

In the years 1896 and 1897, the circuit court of Butler county was required to meet twice a year, to wit, the first Monday in May, and the first Monday in November. On the second day of November, 1896, when said court should have convened, the regular judge was absent, whereupon, without any direction or notice from him, the sheriff of the county proclaimed the court adjourned until Wednesday the fourth day of November, 1896 (the intervening day being one for the holding of a general election), on which day he further proclaimed an adjournment until November 5, 1896, when the regular judge appeared, and assumed to conduct the business of the court for a few days, after which he directed an adjournment until November 13, 1896, when, he not appearing, a special judge was elected, who directed an adjournment until the fourth Monday in January, 1897. The defendants appealed to this court from the aforesaid affirmance of the justice's judgment against them.

The theory upon which the learned circuit judge affirmed the judgment rendered by the justice in this case, was that the appeal therefrom was returnable to the pending term of the circuit court, and therefore the transcript and proceedings in the justice's court should have been filed within six days after the judgment appealed from. R. S. 1889, sec. 3370.

If this theory is correct, his decision should be affirmed, otherwise it must be reversed. A careful examination of the record before us leads to the conclusion that the circuit court, which began its sitting on the fifth day of November, 1896, was not convened in compliance with the statutes, and whatever efficacy may attach to its proceedings as a *de facto* court, it was not a court *de jure*, and therefore under the special code applicable to appeals from justices in forcible entry and detainer cases the defendants were not required to cause a transcript of the justice to be filed during that session of the circuit court. To use the language of the supreme court, "the mere coming together of the judge, and the other officers of the court, unless at a time fixed by law or on a day to which the court has been lawfully adjourned, does not constitute a court under our laws." State ex rel. v. Ross, 118 Mo. loc. cit. 47. With reference to the sessions of courts, the statute is to wit: "If any court shall not be held on the first day of the term, such court shall stand adjourned from day to day until the evening of the third day." R. S. 1899, sec. 1603. The law applicable to actions of forcible entry and detainer and appeals from judgments in such actions, constitutes a special and preclusive code, and unless rigidly complied with the supervising court acquires no jurisdiction of the subject-matter. Robinson v. Walker, 45 Mo. 117; Shwoerer v. Christophel, 64 Mo. App. 81. In the case at bar the absence of the regular judge of the circuit court of Butler county on the day (Nov. 2, 1896) when it was required to be held by law (Acts 1895, p. 141), limited the term which then began to three days, beyond which it could not have been continued, under the facts in this record, unless the judge had made his appearance before the expiration of this period. The proclamation of the sheriff, that the court should stand adjourned from the first to the third day, and afterwards to the fourth day, being unauthorized by any notice or direction

from the regular judge, was wholly futile. Neither did the appearance of the regular judge himself on the fourth day following that prescribed by law for the beginning of the term, galvanize the lapsed term into new life. There being no term of the circuit court in existence at the time the judgment of the justice was rendered, the appeal from such judgment was not returnable, under the statutes, until the next regular term, to wit, May, 1897. R. S. 1899, sec. 3370. Before this time arrived defendant had duly filed in the circuit court a transcript of the docket and proceedings of the justice in the judgment appealed from, hence the circuit court at its term in 1899, had no legal authority to affirm the judgment of the justice for assumed failure of defendants to comply with the law in the matter of filing a transcript of the justice's proceedings. The judgment herein is reversed and the cause remanded. All concur.