DR. J. R. WILSON V STATE.

No. A-342.   Opinion Filed May 16, 1910.

(109 Pac. 289.)

1.   **COURTS—County Courts—Trial in Term Time.** The trial of cases in the county court, not triable under justice of the peace procedure, can be had only in term time.

2.   **COURTS—Lapse of Terms.** The terms of courts of record begin on the day fixed by law; and if the judge be not present in his court, or a judge pro tem. selected, within two days after the first day of the term, then the term lapses, and cannot thereafter be revived by the judge or any other officer of the court; and any attempted proceedings had in such court after the lapse of the term is **coram non judice** and void.

3.   **APPEAL—Record.** A journal entry showing the opening of the court on a day subsequent to the first day of the term as fixed by law is alone not sufficient to show that the court did not convene on the day fixed by law. The case-made must affirmatively show the absence of an order convening the court on the proper day.

4.   **COURTS—Presumption of Regularity of Proceedings.** Irregularities in the proceedings of courts or record will not be presumed, but must be properly and affirmatively shown.

5.   **INSTRUCTIONS—Good Character.** For proper and improper instructions upon the good character of the accused in a criminal case, see the opinion.

6.   **APPEAL—Assignments of Error—Abandonment.** Assignments of error not presented in the brief or oral argument will be deemed abandoned.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

Dr. J. R. Wilson was convicted in the County Court of Stephens County of the offense of selling liquor, and he appeals. Affirmed.

*E. E. Morris* and *Gilbert & Bond,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. First it is urged that the County Court of Stephens County was without jurisdiction to hear and determine this cause at the time it was tried. This matter was not presented below but is raised here for the first time on appeal. The contention is that under section 9, article 1, chapter 27 of the Session Laws of 1907-08, the four regular terms of the county court in the several counties of this state must commence on the first Monday of January, April, July and October of each year; and that the July, 1909, term of this court was not opened until the 3rd day of August, on which day the plaintiff in error was tried.

It is true that the county court is a court of record; and the trial of cases therein can be had only in term time, except that such court is always open for the transaction of all probate business, the trial of cases triable under justice of the peace procedure, and for the purpose of taking and entering judgments by confession. Sec. 1999, Snyder's Comp. Laws of Okla. And it is also true that the term begins on the day fixed by law; and if the judge be not present in his court, or a judge pro tem, selected, within two days after the first day of the term, then the court by operation of law stands adjourned for the term. In such case the term lapses, and thereafter neither the judge nor any other officer of the court can revive it; and any attempted proceeding had in such court after the lapse of the term is *coram non judice* and void. Sec. 6255, Snyder's Comp. Laws of Okla.; *American Fire Ins. Co. v. Pappe,* 4 Okla. 110, 43 Pac. 1085; *In Re McClaskey,* 2 Okla. 568, 37 Pac. 854; *In Re Terrill,* 52 Kan. 29, 34 Pac. 457; *In Re McClaskey,* 52 Kan. 34, 34 Pac. 459; *U. P. Ry. Co. v. Hand,* 7 Kan. 380; *In Re Millington,* 24 Kan. 214; *Cullum v. Casey & Co.,* 1 Ala. 351; *Wightman v. Karsner,* 20 Ala. 446; *Brumley v. State,* 20 Ark. 77; *Neal v. Shinn,* 49 Ark. 277, 4 S. W. 771; *People v. Bradwell,* 2 Cow. 445; *Wight v. Wallbaum,* 39 Ill. 554; *Hoye v. State,* 39 Ga. 718; *Lewis v. Hoboken,* 42 N. J. L. 379; *State v. Roberts,* 8 Nev. 239; *Holman v. Hogg,* 83 Mo. App. 370; *Garza and Lopez v.*

*State*, 12 Tex. App. 261; *Thomas v. Fogarty*, 19 Cal. 644; *People v. Sanchez*, 24 Cal. 17.

But in this case the only evidence, record or otherwise, contained in the case-made tending to show that the County Court of Stephens County did not convene on the first Monday in July is the journal entry of the opening of the court on August 3, 1909, the day the plaintiff in error was tried, which entry is as follows:

"In the County Court in and for Stephens County, Oklahoma:

"Be it remembered, that on this, the 3d day of August, 1909, at the City of Duncan, at the court room in Stephens County, Oklahoma, the County Court of Stephens County, Oklahoma, was duly opened by proclamation of the sheriff for the said July, 1909, term of said court.

"Officers present: W. H. Admire, county judge, presiding; W. M. Cates, sheriff; E. H. Smith, stenographer and *ex-officio* clerk, C. C.; T. M. Wilkinson, clerk County Court.

"When the following business was transacted, to-wit:"

This entry cannot be held to establish the fact that the court was not convened on the first Monday in July. For aught we know the court may have been regularly convened on that day, and may have been in session and trying cases on each juridical day between the first Monday in July and the first Monday in October of that year; and this entry may be the usual entry which the court makes on the convening of the court each day, changing only the date. Or, for aught we know, the County Court of Stephens County may have convened on the first Monday in July, and on that day may have taken a recess until the 3rd day of August. This it had the power to do. The case-made contains no recital showing the absence of a journal entry convening the court on the first Monday in July, nor does it recite any other fact from which the absence of such an entry could be legitimately inferred. We are not permitted to presume that the court failed to observe the law, nor to hold that it so failed by a doubtful construction of this particular entry. The offense charged being one within the jurisdiction of the court,

the plaintiff in error being present, and the trial being had on a day between the dates fixed by law for convening and finally adjourning the term, every presumption is in favor of the regularity of the proceeding; and this must be overcome by a proper showing in the case-made before we should hold that the court did not have jurisdiction.

The court gave the jury the following instruction:

"Fifth. Gentlemen of the jury: There is testimony in this case with reference to the good character of the defendant in the community in which he lives and you may consider this testimony in making up your verdict in this case and in determining the issues, such evidence should be considered by you in connection with all the other evidence in this case and give it such weight and credit as you should any other evidence in this case as I have instructed you herein, such evidence is competent for defendant and to be considered by you in determining his guilt or innocence".

Plaintiff in error did not except to this instruction, but saved exceptions to the refusal of the court to give each of the following requested instructions:

"One. Gentlemen of the Jury: Evidence has been introduced in this case seeking to establish the good character of the defendant in the community in which he resides; I charge you in this connection in your deliberation in this case you may consider such testimony in determining the innocence or guilt of the defendant, and if you find the evidence for and against the defendant to be equally divided, then the evidence of good character should weigh in the defendant's favor, and you should acquit him, if his good character has been established."

"Two. Gentlemen of the Jury: You are instructed that the evidence of good character should be considerd by you with the other evidence of guilt or innocence without regard to the apparently conclusive or inconclusive character of such other evidence, and although there may be sufficient other evidence to warrant, a finding of guilt, if the good character of the accused creates the reasonable doubt of guilt, then you should acquit the defendant."

The instructions requested were properly refused. *Cannon v. Territory*, 1 Okla. Cr. 600, 99 Pac. 622; *Morris v. Territory*, 1 Okla. Cr. 617, 99 Pac. 760. On principle it would seem that

the very fact that the court admits the evidence as to the defendant's good character could not but be understood by the jury as a command to consider it; and it would seem also that when such evidence is admitted, and the court instructs the jury to acquit if, upon a consideration of all the evidence in the case, they entertain a reasonable doubt of the defendant's guilt, that would be all that should be required. Be that as it may, however, we hold that it is sufficient in cases of this kind for the court to instruct the jury, in substance, that if they believe from the evidence that prior to the alleged offense, the defendant had the general reputation in his community of being a moral, law-abiding citizen, then they should consider that fact and give to it such weight as they deem proper, in determining the question of the defendant's guilt or innocence; but if, upon a consideration of all the evidence in the case, including that bearing upon the defendant's good reputation, the jury nevertheless believe beyond a reasonable doubt that the defendant is guilty as charged, then his previous good reputation would constitute no justification or defense.

Other assignments of error were made, but have not been noticed in plaintiff in error's brief or oral argument, and will therefore be treated as abandoned.

Finding no error, the judgment of the county court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.