[No. 1957]

## SELF & SELLMAN MILL AND BUILDING COMPANY, RESPONDENT, *v.* WILLIAM SAVAGE, ET AL., APPELLANTS.

1. MECHANICS' LIENS—NOTICE—TIME FOR FILING.
   Under the act of March 2, 1875 (Stats. 1875, c. 64), sec. 5, as amended March 6, 1903 (Stats. 1903, c. 32), which prior to the amendment of 1911 (Rev. Laws, 2217) provided that every original contractor, within sixty days, and every other person wishing to claim a lien thereon, within fifty days, after the completion of a building, improvement, or structure, should file for record a claim containing a statement of his demand, a claim, filed before the completion of a building by a subcontractor who furnished material and labor in the erection of the building, is valid and enforceable.

APPEAL from the Second Judicial District Court of the State of Nevada, Washoe County; *W. H. A. Pike,* Judge.

Action by the Self & Sellman Mill and Building Company against William C. Savage and others. From a judgment for plaintiff, William C. Savage appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Boyd & Salisbury,* for Appellant.

*Lewers & Henderson,* for Respondent.

By the Court, NORCROSS, J.:

This is an action to foreclose a mechanic's lien. From a judgment in favor of plaintiff and an order denying

motion for a new trial, the defendant William C. Savage has appealed.  The defendant George M. Dynes was an original contractor for the erection of a certain building in the city of Reno for the defendant and appellant, William C. Savage.  The plaintiff, respondent herein, was a subcontractor, and furnished certain material and labor in the erection of the building.

But one contention has been made in the briefs and oral argument, to wit, that the lien claim was not filed within the time prescribed by law.

The lien in question was filed under the provisions of section 5 of the act of March 2, 1875 (Stats. 1875, c. 64), an act to secure liens to mechanics and others, as amended March 6, 1903 (Stats. 1903, p. 51), which provides:  "Every original contractor, within sixty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this chapter, must, within fifty days, after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or performance of any labor in a mining claim, file for record, with the county recorder of the county in which the property or some part thereof is situated, a claim containing a statement of his demand," etc.

The court made, among others, the following findings of fact:  "That on January 28, 1908, the defendant William C. Savage made and entered into a written contract with one George M. Dynes, wherein the said Dynes agreed to construct for the said William C. Savage a double flat-building on the property, above described, for the agreed price of $8,335.  That, pursuant to said contract, the said George M. Dynes did erect said building on said property as the contractor and agent of said William C. Savage, and that the terms of the contract for the construction of the said building had been complied with on or about the 20th day of May, 1909, with the exception that at that time there remained to be completed on said building certain interior electric ·fittings and other small items of work, which were thereafter

completed by the defendant William C. Savage at a cost of one hundred and two ($102) dollars, about August 1, 1909. That the defendant William C. Savage took possession and control of said building on or about the said 20th day of May, 1909, and that the additional work was done by him after he so took possession. That on the 24th day of June, 1909, the plaintiff filed with the county recorder of Washoe County a properly verified claim of lien upon the building and land, above described, which said claim of lien was and is in the words and figures set forth in Exhibit A, attached to the complaint."

The amendment of 1903, *supra*, only changed the provisions of section 5 of the act of 1875 by extending the time within which a claim of lien could be filed.

This court, in *Hunter* v. *Truckee Lodge*, 14 Nev. 24, 28, by Beatty, C. J., said: "The lien law provides (section 5) that every person claiming under it, except the original contractor, shall file a statement of his claim, 'within thirty days after the completion of the building.' In this case, all the notices of liens were filed before the completion of the building; and appellant claims that this was not a sufficient compliance with the law. We think it was. The law is to be liberally construed, and a substantial compliance with its provisions is all that is required. (*Skyrme* v. *Occidental M. Co.*, 8 Nev. 239.) The meaning of the statute, and all that it requires, is that the lien claimant shall file his notice before the expiration of thirty days after the completion of the building, not that he must decide at his peril exactly when it is finished (a thing that it would often be impossible to do), and file his claim within the ensuing thirty days. There could have been no possible object in such a requirement; while the necessity of fixing a term within which liens of this character must be asserted is obvious. It may be true, as counsel contends, that a subcontractor's claim is subordinate to that of the principal contractor, and that neither can have any lien, unless or until the building is completed. But, if this were conceded, it would not neces-

sarily follow that a subcontractor's notice of intention to claim a lien would be void, if filed before his right was perfected by the completion of the principal contract. If both things are essential to his right of action, it still makes no difference which is done first."

It is conceded that if the construction placed upon the statute in *Hunter* v. *Truckee Lodge* is correct that the lien claim was filed in time; but we are asked to over-rule that case and hold that a lien claim, filed before the completion of the building, is void. · Counsel for appellant in their brief say: "If the decision in *Hunter* v. *Truckee Lodge* can stand, we submit to this court that it is going to lay an onerous burden upon subcontractors, materialmen, and the owners of the property; for the men who furnish finishing material, and, in fact, complete the building, will not have the same recourse nor the same rights as the man who digs the basement, or does the stone work for it, while the owner, who is supposed to have some rights in the property, and should receive a completed building, will get partially completed buildings, if the contractors should see fit to do as the contractor in this particular case did, 'skip out'; and the law will then take his lots and lands from him for doing something upon it which, in its incompleted state, would be absolutely worthless to him, and is not an *improvement* of his property."

We are unable to see that such dire consequences would follow an adherence to the rule enunciated in the Hunter case. That case was decided over thirty years ago, and no serious results appear to have followed from the rule of practice therein held. We need not consider whether, as an original proposition, the court, as now constituted, would have placed the same construction on the statute as was applied in the Hunter case. If that construction worked injuriously to owners or contractors, it could have been obviated at any time by amendment by the legislature; but the fact that it remain unchanged for so many years is indicative that no harmful effects resulted from

it.   It was not until the legislature of 1911 that the statute was amended in such particulars as to affect the rule announced in the Hunter case.   (Rev. Laws, 2217.)

It is contended by counsel for respondent that the building was substantially completed prior to the filing of the lien, and it must be conceded that it was completed, except as to a comparatively small detail.   Whether, for the purposes of the lien law, under the facts of this case, the building should be regarded as completed before the lien claim was filed, we need not determine; for we think we are not warranted in now placing a different construction upon the statute than was stated in the Hunter case.

The judgment is affirmed.