Terry J. Solander Garnett City Attorney 131 West 5th, P.O. Box H Garnett, Kansas 66032
Dear Mr. Solander:
You request our opinion regarding the interpretation of K.S.A. 1997 Supp. 12-4118 which addresses the disposition of marriage honorariums received by municipal court judges.
K.S.A. 1997 Supp. 12-4118 provides, as follows:
 "A municipal judge may retain any honorarium received for such judge's services in performing a marriage ceremony, except when such services are performed between the hours of 8:00 a.m. and 5:00 p.m. on a day when the court is regularly open for the conduct of business in which event such honorarium shall be remitted to the city treasurer for deposit in the city general fund. The provisions of this section shall be part of and supplemental to the Kansas code of procedure for municipal courts."
(Emphasis added).
You indicate that the Garnett Municipal Court is in session only two Wednesday mornings each month. Except for special matters, the Court is not otherwise in session. However, the clerk of the municipal court is available between 8:00 a.m. and 5:00 p.m., Monday through Friday, to handle the ministerial tasks associated with the Court. You inquire whether a municipal court judge may retain a marriage honorarium if the marriage is performed on a Friday between 8:00 a.m. and 5:00 p.m. or whether the honorarium must be remitted to the city treasurer for deposit in the city general fund.
In 1996, K.S.A. 1997 Supp. 23-104a was amended to allow municipal court judges to officiate at marriage ceremonies. In that same enactment, the Kansas Code of Procedure for Municipal Courts was amended to include the aforementioned provision addressing the disposition of honorariums. This section, added during conference committee, is almost identical to K.S.A. 20-360, enacted in 1977, which addresses marriage honorariums received by district court judges who are entitled to retain such honorariums except when the services are performed between 8:00 a.m. and 5:00 p.m. "on a day when court is regularly open for the conduct of business."
The intent behind allowing district court judges to retain marriage honorariums was to encourage judges to officiate at such ceremonies outside regular court hours because there was concern that judges would otherwise be too busy to accommodate such requests. Minutes, House Judiciary Committee, March 16 and March 22, 1977.
Since K.S.A. 1997 Supp. 12-4118 is substantially similar to K.S.A.20-360, it is our opinion that the same rationale should apply and that municipal court judges may retain honorariums received only during times when the judge is not hearing cases. The fact that the clerk of the municipal court may be conducting business during regular business hours does not mean that the "court" is open for the conduct of business pursuant to K.S.A. 1997 Supp. 12-4118. In the case of In re Terrill,52 Kan. 29 (1893,) the Court opined that a clerk is only a ministerial officer who can exercise no judicial function.
 "The opening, holding and adjournment of court are the exercise of judicial power, to be performed by the court. To perform the functions of a court, the presence of the officers constituting the court is necessary, and they must be present at the time and place appointed by law. A `court' is defined by Bacon to be `an incorporeal political being, which requires for its existence the presence of its judges and . . . a clerk . . . during which, and at a place where it is, by law, authorized to be held. . . .'" 52 Kan. at 31.
In short, K.S.A. 1997 Supp. 12-4118 assumes the presence of a judge in the context of a court being open for the conduct of business. If a judge hears cases only two mornings each month then he or she may retain any marriage honorariums that are bestowed at any other time when the judge is not so disposed.
You also inquire whether K.S.A. 1997 Supp. 12-4118 applies uniformly to all cities. This statute is part of and supplemental to the Kansas Code of Procedure for Municipal Courts. K.S.A. 1997 Supp. 12-4118. In Junction City v. Griffin, 227 Kan. 332 (1980), the Kansas Supreme Court concluded that the Code was nonuniform because it contained one provision that applied only to cities of the first class which made the entire enactment nonuniform. Consequently, it is our opinion that K.S.A. 1997 Supp. 12-4118 which is a part of and supplemental to the nonuniform Kansas Code of Procedure for Municipal Courts is also nonuniform and subject to charter ordinance.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm