## BRUMLEY VS. THE STATE.

The meeting together of the judge and officers of the Circuit Court, at the place, but not at the time fixed by law for holding the Court, is not a Court under our constitution and laws, and their acts as such, must be regarded as *coram non judice.*   (*Dunn vs. State*, 2 *Ark*. 229.)

| 20 | 77 |
|----|-----|
| 60 | 158 |

*Appeal from the Circuit Court of Polk County.*

Hon. LEN. G. GREEN, Circuit Judge.

HEMPSTEAD, for the appellant, moved for a perpetual supersedeas, and cited the cases of *Dunn vs. The State*, 2 *Ark*. 230; *Gregg vs. Cooke, Peck's Rep.* 82; *Galusha vs. Butterfield*, 2 *Scam.* 227, to the point that the judgment was void.

Mr. Justice COMPTON, delivered the opinion of the Court.

It appears affirmatively by the record, which is brought here by appeal, that Daniel Brumley was convicted of murder, and

sentenced to the penitentiary, at a term of the Circuit Court of Polk county, begun and held on the first Monday in March, 1859—being the time fixed by act of December 6, 1850, for holding said Court.

By act of the General Assembly, approved February 17th, 1859, the time of holding the Circuit Courts of the sixth judicial circuit was changed. The act provides that the Circuit Court of Polk county, " shall hereafter be held, etc., on the last Mondays in February and August in each year," etc., and is obviously a constructive repeal of the act of 6th December, 1850.

The circuit judge proceeded, no doubt, to hold the Court, without having received information of the passage of the act of February 17th, 1859. This, however, cannot affect the case, one way or the other. The meeting together of the judge, and officers of Court, at the place, but not at the time fixed by law for holding the Court, was not a Court, under our constitution and laws; but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void, as heretofore held by this Court in *Dunn vs. The State*, 2 *Ark.* 229. Nor does this rule retrench upon the doctrine laid down, as we think correctly, by this Court in *Borden vs. The State, use, etc.*, 6 *Eng.* 519, where it is held, " as a very general rule, that the judgments of superior courts are not void, but only voidable by plea on error," etc.

In the case at bar, the judge, under the circumstances, was clothed with no judicial authority to sit in judgment upon the rights of appellant—there was no Court, and consequently there was no judgment.

A perpetual supercedeas will be awarded, the appeal dismissed, and Daniel Brumley will stand for trial in the Court below, as though he had never been tried.