(Decided July 15th, 1859.)

# William Billingsley and his Sureties *vs.* The State.

The *condition* of a bond was, that the principal obligor "shall well and faithfully execute *his office* as *collector* of the State tax of Calvert county, in District No. 2." Held: That this *estopped* the parties to the bond from denying that the principal obligor had been *appointed collector*.

The 48th sec. of the Act of 1841, ch. 23, making the account and certificate of the *Treasurer* evidence to establish the amounts due the State by collectors, is still in force, and is applicable to the *Comptroller*, upon whom the duty of making out such accounts is devolved, by the 6th Art. of the Constitution.

The Act of 1841, ch. 23, and the constitutional provision imposing on the Comptroller the duty "of superintending and enforcing the collection of all taxes and revenues, adjusting, settling and preserving all public accounts," must be construed together, being in *pari materia*, and forming one system.

Appeal from the Circuit court for Calvert county.

*Debt* brought on the 3rd of April 1854, by the State against William Billingsley and his sureties, on a collector's bond, dated the 8th of July 1851, in the penalty of $3,400, and conditioned, "that if the above bound William Billingsley shall well and faithfully execute his office as collector of the State tax of Calvert county in District No. 2, and shall well and faithfully account for and pay over to the Treasurer of the Western Shore of Maryland the several sums of money which he shall receive or be answerable for by law at such time as the law directs, then the above obligation to be void."

47   v. 14.

The pleadings and the exception taken by the defendants to the ruling of the court (BREWER, J.) are fully stated in the opinion of this court. The verdict and judgment were in favor of the State for $1,646.02 damages and costs, and the defendants appealed.

The cause was argued before LE GRAND, C. J., ECCLES-TON and BARTOL, J.

'*Chas. S. Parran* and *Levin Gale* for the appellants.

1st. The third plea, denying the appointment of Billingsley as collector, was demurred to on the ground, that by the recital in the bond the defendants were estopped from denying the appointment, and for this *Milburn vs. The State*, 1 *Md. Rep.*, 1, is relied on. In that case, however, the bond *recited* that Milburn "*had been appointed collector for the State tax in St. Mary's county, for the year* 1845." But in this there is no recital whatever of any appointment. The condition provides, that he shall "execute his office as collector," &c., and this is not inconsistent with an anticipated appointment to the office. It must be borne in mind, too, that the bond is not relied on as merely *prima facie* evidence of the appointment, for it was decided by the court below to be so conclusive that the defendants could not deny the appointment in pleading, or show by evidence the fact to be otherwise. Any statement to amount to an estoppel must be clear and certain to every intent, (1 *Greenlf. on Ev., sec.* 22,) and it is submitted, that in this case there is no such allegation of a fact so certain to every intent, as to prevent the obligors from showing the truth, which is all their plea would allow them to do.

2nd. The instruction given by the court below took the whole case from the jury, and is liable to several objections. 1st. The condition of the bond required Billingsley to account and pay "*to the Treasurer of the Western Shore of Maryland.*" The bond is dated the 8th of July 1851, and at that time there was no such office. As far back as 1844, (*Act of* 1844, *ch.* 236, *secs.* 18, 19,) and from that to the present, there has been a *Treasurer of the State only*. There was no

Treasurer of the Western Shore to whom Billingsley could have accounted and paid. The courts of this State have been very strict in construing bonds, and have held that the slightest variation from the matter set forth in the condition would vitiate the bond and prevent a recovery. See 5 *H. & J.*, 61, *Morgan vs. Blackiston*; 2 *H. & G.*, 82, *Birckhead vs. Saunders*; 4 *G. & J.*, 395, *Morgan vs. Morgan*; 7 *H. & J.*, 79, *State vs. Merryman*. The cause of action here is, that Billingsley has not accounted for or paid the amount of taxes assessed; but to whom does the bond say he shall pay? To the Treasurer of the Western Shore of Maryland. There was no such person, either at the date of the bond or when the obligation to pay matured. How then could there be any such breach in the condition? The law does not require of any man impossibilities. It may be said, in answer to this, that Billingsley was, by law, required to pay to the proper officer, that he has received, or ought to have received, this money, and should, therefore, be compelled to pay it. 11 *Md. Rep.*, 322, *Tucker vs. The State*. This may all be admitted, and yet it does not affect this case. If this were a suit against Billingsley alone, for his non-payment, the principle contended for might be applicable, but it is not only against him, but also against his sureties, and they can only be held by the terms of the bond. It was also said in the court below, that if the condition is impossible the bond is single and not subject to any condition. This principle is, however, manifestly not applicable to the State, and if it were it does not justify the granting of the prayer, which is based upon the breach of the condition, as evidenced by the account. 2nd. The certificate of the Comptroller was the only evidence of the amount due by the collector. Now we deny that the account was evidence at all. The Act of 1841, ch. 23, made the Treasurer's certificate evidence, but there is no Act extending the power to give such certificate to the Comptroller. If it be said that the constitutional provision establishing the office and conferring upon the Comptroller certain powers, gave him incidentally this power, which we deny, such power at the utmost could only extend to matters that occurred after

he came into office. Now the taxes for which Billingsley be-came responsible, were payable during the summer and fall of 1851, in various instalments, the last of which became due on the 1st of December, and was then payable to the *Trea-surer of Maryland*. At that time there was no Comptroller. We think that in the absence of legislation conferring this power *expressly*, the certificate of the Comptroller of what took place in a different office, not only before his appoint-ment, but before his office had actually come into operation, can scarcely be allowed to be evidence. This is not the case of one officer succeeding another, for the Treasurer's office is still in existence, and it can only be through him that the Comptroller can ascertain what Billingsley became liable for, or whether he did or did not pay the taxes for which he had become responsible. 3rd. But again, the sureties on this bond are only liable for the non-payment of taxes assessed on the 2nd district in Calvert county, whereas the account charges Billingsley *with the tax for the whole county;* its language is: *"Dr. For direct tax on said county for* 1851—$1616.64." He is credited with a small sum, but on account of what dis-trict does not appear, after deducting which, he is charged with the whole balance, and for this balance the court instruct-ed the jury to render a verdict, not only against him, but also against the other defendants, who were his sureties *only as col-lector of the 2nd district*.

*James T. Briscoe* and *C. C. Magruder* for the State.

The pleas in this case are the same in character and form as those in *Milburn vs. the State*, 1 *Md. Rep.*, 1. Oyer of the bond was prayed and granted, and one of the obliga-tions in the condition was that Billingsley shall "faithfully ex-ecute *his office as collector* of the State tax of Calvert county in District No. 2." Was he not *estopped* by this from saying that he had been appointed collector, or that he was collector? This very point was decided in *Milburn vs. The State*, and the same principle has been decided in numerous cases by the appellate court of this State. 3 *G. and J.*, 103, *Fridge vs. The State*, 4 *Gill*, 187, *Lloyd vs. Burgess*. Again, he as-

sumed the official character of collector, performed duties and paid money into the treasury, as collector, and he is, therefore, *estopped* from denying that he was regularly appointed collector; it is a presumption of law that he was regularly appointed. 1 *Greenlf, on Ev. sec.* 27, 195. 4 *Term. Rep.*, 366, *Berryman vs. Wise.* 7 *H. & J.*, 339, *Laurenson vs. The State.*

It is further objected that the instruction of the court was erroneous because the State's right to recover was not within the condition of the bond, that condition being that he should account and pay to the Treasurer of the Western Shore of Maryland, and at that time there was no such officer of the State. But it is insisted that the defendants were *estopped* from relying upon any such defence under the pleadings in this case. There was no judicial evidence of that fact before the court, and the defendants had admitted their liability to pay to the officer named in the condition of the bond. The recital in the condition of the bond concludes the defendants upon the question whether there was such an officer as is mentioned therein, and it was not necessary for the State to prove it. 5 *Gill*, 189, *Hardey vs. Coe.* The same principle is again decided in 7 *Md. Rep.*, 178, *Burgess vs. Lloyd*, and 7 *Md. Rep.*, 237, *Wallis vs. Dilley.*

But it is contended that the certificate of the Comptroller was not admissible as evidence. Sec. 2 of Art. 6 of the Constitution, in prescribing the duties of the Comptroller, says he "shall have the general superintendence of the fiscal affairs of the State; he shall superintend and enforce the collection of all taxes and revenues; adjust, settle and preserve all public accounts." His duties are of an entirely different character from those imposed on the Treasurer, who is the disbursing officer. The Act of 1841 has not been repealed, and its provisions are still the law of the State. Who is to enforce it? Is this duty devolved on the Comptroller or the Treasurer? From the reading of the Constitution, above cited, it is apparent, that the duty required by this Act must be performed by the Comptroller, for it appertains to those of his duties which relate to the enforcement of the collection of

taxes.  All the revenue laws of the State are to be construed together as forming one system, (3 *Gill*, 138, *Dugan vs. Gittings;* 3 *Md. Rep.*, 54, *Ranoul vs. Griffie,*) and the policy and intention of the Legislature should be kept constantly in view, and control, in a considerable degree, the interpretation of the language of the revenue laws.  The Act of 1841 was a remedial Act, and should be construed as still a part of the revenue system of the State, and should receive a liberal construction, so as to advance the remedy embraced in and correct the evil intended to be prevented by it.  Its object was certainly to enforce properly the collection of State dues and taxes, and although the Treasurer is named in the Act as the official who is to perform the duty required, yet, inasmuch as the Comptroller has, by the law, succeeded to the position and duties of the Treasurer, it is competent for him to give the certificate and state the account of collectors, as required by the Act, and such account and certificate are evidence, as provided by the law.  Indeed, it is made his duty, by the words of the Constitution cited, to keep and settle the accounts of collectors.  But the question as to the admissibility of the Comptroller's certificate, does not arise upon this record, and cannot be considered by this court, as no such question was raised in the court below, or is presented by the bill of exception.  The Act of 1825, ch. 117, forbids its consideration in this case.  It was read to the jury without objection.

BARTOL, J., delivered the opinion of this court.

This suit was instituted against William Billingsley and others on a bond given by him as collector of taxes.  The declaration contains no breach of the conditions of the bond.  The defendants craved oyer, which was granted and pleaded: 1st, general performance; 2nd, that the bond was not accepted; 3rd, that William Billingsley was not appointed collector; 4th, that there was no assessment of taxes; and, 5th, that Billingsley failed to give bond within twenty days after his appointment.  General replications and issues were entered on the 1st, 2nd and 4th pleas, and general demurrers to the 3rd and 5th pleas, on which there was joinder, and the court sus-

Billingsley, *et al.*, *vs.* The State.

tained the demurrers. In the argument of the cause in this court, the ruling of the Circuit court upon the 5th plea was not contested. The only question before us on the demurrers, arises upon the demurrer to the third plea, and we think the decision thereon is correct. The bond of the appellants estopped them from denying that Billingsley had been appointed collector. On this point this case is not to be distinguished from *Milburn vs. The State*, 1 *Md. Rep.*, 12. There the bond contained a recital of the fact that Milburn had been appointed collector, &c. Here, although there is no such recital, yet the condition of the bond is, "that Billingsley shall well and faithfully execute *his* office as collector of the State tax of Calvert county in District No. 2." This is as clear an admission of the fact that Billingsley was collector, as if that fact had been distinctly stated in terms, and is conclusive upon the appellants.

At the trial of the issues of fact, the plaintiff offered in evidence the account and certificate of H. E. Bateman, the Comptroller, showing the balance of taxes due to the State from Billingsley, the collector, and also the original bond with the endorsements thereon. It was admitted that there were three districts in Calvert county. No proof was offered by the defendants, whereupon the plaintiff prayed the court to instruct the jury:

"That under the issues in this case the plaintiff was entitled to recover the balance shown by the above set forth certificate of Henry E. Bateman, Comptroller," which instruction the court gave, and the defendants excepted.

Two grounds have been relied upon by the appellants in support of this exception:

1st. That the account and certificate of the Comptroller was not legal or sufficient evidence to establish the amount due from the collector, because the power to give such a certificate is not conferred upon that officer.

2nd. That by the condition of the bond, the collector was bound to pay to "*the Treasurer of the Western Shore*," and there being no such officer to whom he could pay, the condition was impossible, and the bond was therefore void.

1. By the Act of 1841, ch. 23, sec. 48, the Treasurer of Maryland was authorized to make such an account and certificate, which it makes sufficient evidence to establish the amount due, in the absence of rebutting testimony. *Prather vs. Johnson*, 3 *H. & J.*, 487.

By the 6th Article of the Constitution, establishing the office of Comptroller and prescribing his powers, many of the duties which before belonged to the Treasurer, were devolved upon him. Among them is "that of superintending and enforcing the collection of all taxes and revenue, adjusting, settling and preserving all public accounts." In the discharge of these duties, the same powers which were before conferred by law upon the Treasurer, in that behalf, may now be exercised by the Comptroller. The Act of 1841 has not been repealed. Its 48th section remains in force, and is applicable to the Comptroller, who has been charged by the Constitution to perform certain duties which the Treasurer performed under that section. The Act of 1841, and the Constitutional provisions, must be construed together. They are in *pari materia*, and form one system. *Dugan vs. Gittings*, 3 *Gill*, 138, 3 *Md. Rep.*, 54.

2. The second ground of objection, which we have stated, is not presented by the issues in the cause, and, therefore, is not properly before us on this appeal.

*Judgment affirmed.*

(Decided July 29th, 1859.)