(44 South. 295.)

No. 16,480.

GRUNER et al. v. POLICE JURY OF CLAIBORNE PARISH.

(June 10, 1907. Rehearing Denied June 28, 1907.)

1. ELECTIONS — QUALIFICATION OF VOTERS — POLL TAX.

The requirement is in order that a voter may vote at a special election to raise a tax, viz., payment of the poll tax the two years preceding.

2. SAME—VOTERS UNDER GENERAL ELECTION LAWS.

The purpose for which the tax is intended shall be "submitted to a vote of the property tax payers" entitled to vote under the election laws of the state. Constitution, art. 232.

(Syllabus by the Court.)

Appeal from Third Judicial District Court, Parish of Claiborne; James Edward Moore, Judge.

Action by George Gruner and others against the police jury of Claiborne parish. Judgment for defendant. Plaintiffs appeal. Affirmed.

Richardson & Richardson, for appellants. Enos Howard McClendon, for appellee.

BREAUX, C. J. Plaintiffs in this suit seek to have decreed null a special tax sought to be levied for school purposes within the Gruner school district No. 39, in the parish of Claiborne.

The election to levy this tax was held on one of the days of August of last year.

Among other irregularities and illegalities of the election, petitioners allege that they are taxpayers and are registered voters, and that these are the only requirements or qualifications under the law to enable citizens to participate in a special election such as was held in this instance. They allege, further, that five persons entitled to vote at the election, naming them, possessed the qualifications before stated and offered to vote; that each would cast his vote against the tax which would have changed the result as the election was carried by a majority of only three votes.

The defendant interposed the exception preliminarily of no cause of action, in this: That plaintiffs did not allege that the voters who were not permitted to vote had paid their poll taxes for two years prior to the election, and that in thus failing to make this special allegation they failed to set up a cause of action.

The judge a quo sustained defendant's exception.

Plaintiffs squarely urged, as a ground to set aside and overrule this exception of no

cause of action, that an election by the people—that is, a political election to elect officers—is different as relates to qualifications from a special election held to authorize the imposition of special taxes.

Under the issues as presented, it devolves upon us to determine whether the requirement, limited as plaintiffs urged above (that is, the requirement to be a taxpayer and registered voter), is all that is necessary in order that a voter may be entitled to cast his ballot at a special election.

From the foregoing it follows that the exception is not whether the plaintiff can under the allegation before mentioned (that is the allegation that he is a taxpayer and a registered voter) further prove that he has paid his poll tax without special averment upon the subject, but whether he must produce his poll tax receipt in order to vote. We think that he should produce his poll tax receipt, as in every other election, whether special or general, if not exempt on account of age.

Construing the Constitutions as a whole, and taking the articles on the subject of poll tax together, the requirement is not as limited, as when article 215 is considered alone. The one offering to vote should have paid his poll tax.

If, on the other hand, we should construe each article separately, then it would be different.

The last part of article 212, invoked by plaintiff, would be the extent of the requirement, and then it would be necessary for the taxpayer to be only a registered voter.

We are of the opinion that the latter mode of construction should not be adopted, and that the articles general in terms are not limited by others in which special qualifications are stated; it being evident, as we think, that it was not intended to limit the right to the exclusive qualification of the article in question. That is article 212 of the Constitution.

Moreover, see article 232 of the Constitution, in which it is ordained that the tax "shall" be submitted to a vote of the property taxpayers entitled to vote under the election laws of this state.

Laws in pari materiæ, or upon the same subject-matter, must be construed with reference to each other. What is doubtful in one statute may be called in aid to explain what is doubtful in another. Civ. Code, art. 17.

In the same manner constitutional provisions in pari materiæ are to be construed together. Billingsley v. State, 14 Md. 369.

Again, articles of the Constitution may be taken and construed together as one system and as explanatory of each other. All the articles upon the subject relate to the qualification to vote, and can be taken as forming one. The articles are construed together; otherwise they might become inharmonious and inconsistent.

As to the general rules of construction and interpretation to be applied to the particular words of a statute, it has been said by the Court of Appeals of Maryland:

"That Constitutions are not to be interpreted according to the words used in particular clauses. The whole must be considered with a view to ascertain the sense in which the words used were employed, and its terms must be taken in the ordinary and common acceptation."

The main object of the instrument in this particular was to require the persons voting to pay their poll tax. It does not appear why in case of a special election the voter should be exempt from the payment of the poll tax.

There is no reason to infer that the requirement of article 212 was intended as limitative. No good reason suggests itself to construe that at an election it was intended to exempt a voter who desires to protect himself from the burden of a tax it is pro-

posed to impose by holding an election to determine the question.

The law and the evidence being with the defendant, the judgment of the district court is affirmed, at appellants' costs.