BRAGG *v.* THOMPSON.

Opinion delivered July 2, 1928.

*Davis & Costen* and *Berry, Berry & Berry,* for appellant.

*Cecil Shane,* for appellee.

McHANEY, J. On December 4, 1926, appellant, Zac T. Bragg, and 33 others applied by petition in writing to the county court of Crittenden County, describing the territory proposed to be embraced, for the incorporation of the village of West Memphis. The territory described is rather elongated and odd shaped, running from its northern boundary south along both sides of State Highway 61 to its intersection with State Highway No. 70, a distance of one mile, thence east along both sides of 70 for a distance of one mile, thence south across the levee to the Mississippi River, a distance of about 1½ miles.

According to the map filed in this court, practically all of the land south of No. 70 and north of the Chicago, Rock Island & Pacific Railway has been platted with streets, lots and blocks. The land east of No. 61 has not been platted, and includes a 65-acre tract belonging to appellee, Thompson, and a tract on which appellant, Bragg, has his mill. All the Thompson land is very valuable, he having sold a one-acre tract at the intersection of the two concrete highways for $10,000, and other tracts for large sums of money. The remaining 65 acres are conceded to be worth not less than $65,000. Although this land has been planted in cotton, its chief value lies in the fact that it is adjacent to the two State concrete highways, the village called West Memphis, and is also near the metropolitan city of Memphis, Tennessee. The territory included south of the Chicago, Rock Island & Pacific Railway to the river is not so valuable, but was included to give the town a location on the river to enable it to get better freight rates. The owner of this territory is not objecting to its inclusion in the corporate limits of the proposed town. The petition contained all the necessary allegations as prescribed

by § 7664, C. & M. Digest, and contained the signatures of 34 persons who claimed to be inhabitants and qualified electors. The county fixed January 10, 1927, for a hearing on the petition, by an order requiring notice to be published as required by the statute. No hearing was had on the date set, but was adjourned from time to time until March 21, when the petition was granted and an order made incorporating the town of West Memphis. This order was not actually entered on said date, but was made. By an order *nunc pro tunc,* on August 19, the order of incorporation made March 21 was entered on that date for the former. It is as follows:

"An order incorporating the town of West Memphis. The above-styled cause came on to be heard on the 21st day of March, 1927, the same being an adjourned day of a special term of said court, duly and legally called, and the matter was heard upon the petition of Z. T. Bragg and thirty-three others, and was heard upon evidence in open court. And it appears to the court that said petition prays for the organization of a town in Crittenden County, Arkansas, under the name of West Memphis; and it further appears that said petition is signed by at least twenty qualified voters residing within the limits of the proposed town, as described in said petition; and it further appears that the limits of said town have been accurately described in said petition, and an accurate map and plat thereof has been made and filed in this court; and it further appears that the name proposed for said town is proper and sufficient to distinguish it from others of like kind in this State; and it further appears to be right and proper, in the judgment and discretion of this court, that said petition be granted. Wherefore it is considered, ordered and adjudged that the town of West Memphis be and is hereby organized and said petition for same granted, and the limits of said town are described as follows" (describing it).

The order actually entered on March 21 is: "This cause coming on to be heard on this 21st day of March,

1927, the same being an adjourned day of the special term duly and legally called, and the court having granted the petition in this matter, and the remonstrants having duly excepted and prayed an appeal to the circuit court, said appeal is hereby granted.''

The precedent based on this order was not actually entered until August 19. Thereafter appellants and appellees discussed the matter of officers for said town, and politics entered into the matter. Thompson had neglected to pay his poll tax, and was ineligible for mayor. At the election held, Bragg was elected mayor and the other appellants to various offices of the town. This election was held July 5, and on the 12th, long after the time for appeal had expired, this suit was brought to enjoin the incorporation of the town and to prevent the officers from functioning as officers thereof. A temporary order was issued, and on final hearing it was made permanent.

A reading of the record in this case is convincing that the appellees were fully aware of every step taken in the organization of this little municipality. This being so, they had a full, complete and adequate remedy at law. Section 7668, C. & M. Digest, is as follows:

''One month shall elapse from the time such transcripts are forwarded and delivered before notice shall be given of an election of officers in such incorporated town, and any person interested may, at any time within the said one month, make complaint in writing, in the nature of an application for an injunction to the circuit court, or the judge thereof in vacation, having given at least five days' notice thereof, and furnished a copy of the complaint to the agent or agents of the petitioners, for the purpose of having the organization of such proposed incorporated town prevented.''

This statute affords persons who desire to prevent the organization of a town, or for testing the legality thereof, a quick and adequate remedy for doing so. On the other hand, it is a short statute of limitations in favor of those who propose the organization. This

remedy was not pursued in this case. Instead, appellees waited for more than 90 days—until after the election of officers—to bring this action, and then in the chancery court. It is therefore a collateral attack on the judgment of the county court. In *Stumpff* v. *Louann Provision Co.*, 173 Ark. 192, 292 S. W. 108, this court said that "the county court is a court of superior jurisdiction, and its judgment, rendered in pursuance of such jurisdiction rightfully acquired, cannot be attacked collaterally." *Sharum* v. *Meriwhether*, 156 Ark. 331, 246 S. W. 501. Of course a judgment void *ab initio* may be so declared on collateral attack.

The judgment of the county court in this case is not void on its face. The matter in hand was clearly within the jurisdiction, made so by statute. Appellees argue that it is void because the corporate limits of the town include agricultural land, but not so. This case is wholly different from that of *Waldrop* v. *K. C. S. Ry.*, 131 Ark. 453, 199 S. W. 369, L. R. A. 1918B, 1081. There they attempted to organize a town taking in seven miles of territory along the railroad, where there was not even a village. The order was void for two reasons there: (1) because it was made at a time court was not in session, by the judge and not the court; and (2) it was an arbitrary abuse of discretion to incorporate a town where there was no semblance of any necessity for it. Here we have a thriving little village of a few hundred people, located on two railroads, the Mississippi River, and two hard-surface State highways, near the city of Memphis, Tenn. It has a compress covering 30 acres, electric lights, waterworks, hotels, rooming houses, ice plant, wood-working plants, various stores, meat markets, garages and oil stations, just as are found in any growing town. From 2,500 to 3,000 lots have been sold in the corporate limits, and houses are being built rapidly. Land values in the vicinity are very high, not because of their agricultural value, but solely because of the other matters herein mentioned. The facts in this case meet every test laid down in *Vestal* v. *Little Rock*, 54 Ark. 321, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778.

We find it unnecessary to discuss all the points raised. While appellees alleged fraud in the procurement of the judgment, none is shown by the evidence. The conclusion we have reached is that the chancery court was without jurisdiction, and that the decree must be reversed, and remanded with directions to dismiss the complaint for want of equity. It is so ordered.