BRIDGES *v.* INCORPORATED TOWN OF GATEWAY.

4-4211

Opinion delivered March 9, 1936.

412

*Clyde T. Ellis* and *Vol T. Lindsey,* for appellees.

JOHNSON, C. J. This action was instituted in the Benton Chancery Court by appellants, W. F. Bridges *et al.,* citizens and taxpayers of the locality affected, against the mayor and city collector of the incorporated town of Gateway, Arkansas, and Reed Adcock, the tax collector within and for Benton County, to restrain and enjoin an alleged illegal exaction. The complaint in effect alleged: that the town of Gateway in Benton County was on August 22, 1934, incorporated by order of the county court into said town, and that the said town had been incorporated so that it would become a border town on the north line to Missouri and enable filling stations located therein to sell gasoline at Missouri prices and defeat the Arkansas tax, that certain described lands were incorporated into the town to consist of 320 acres, and that there are eight dwelling houses and twelve filling stations situate in the said incorporation; that the order of the court organizing said territory into an incorporated town was null and void, and was an arbitrary and unreasonable exercise of power; that the incorporation of said town is contrary to the provisions of art. 2, §§ 22 and 23 of the Constitution of the State of Arkansas, by the taking of private property for public use without any just compensation therefor, and that it will be the duty of Reed Adcock, county collector, to collect assessments made by the authorities of said town; the prayer was that the court decree the town of Gateway not legally incorporated; that the officers of said town be enjoined and restrained from levying or assessing any taxes in said incorporation; that Reed Adcock, as county collector, be

enjoined and restrained from collecting any such taxes levied or attempted to be levied.

To the complaint thus filed a general demurrer was interposed and sustained, and appellants refusing to plead further, the complaint was dismissed for want of equity, and this appeal seeks reversal.

The incorporated town of Gateway was incorporated by order of the county court of Benton County on August 22, 1934, as authorized by §§ 7664, 7665, and 7666, Crawford & Moses' Digest. Section 7668 provides one month subsequent to the forwarding and delivery of such order of incorporation (to the Secretary of State, etc.) for any interested or injured party to attack such order of incorporation and § 7669 provides the method and means for the hearing and determination of any such controversy.

In *Bragg* v. *Thompson*, 177 Ark. 870, 9 S. W. (2d) 24, we held that an attack upon an incorporation order made subsequent to the thirty-day period provided for in § 7668, *supra,* to be a collateral attack upon said order of incorporation, and not maintainable. We there held, quoting from the 2nd headnote, "Under Crawford & Moses' Digest, § 7668, providing for an attack on the validity of the organization of an incorporated town at any time within one month after the transcripts of the county court's order authorizing its organization has been forwarded and delivered, an action instituted after that time to enjoin the subsequently elected officer from functioning held a collateral attack on the judgment of the county court, which is a court of superior jurisdiction."

But appellants assert that *Waldrop* v. *Kansas City Southern Ry. Co.*, 131 Ark. 453, 199 S. W. 369, sustains their position in this case. This is not so. In the Waldrop case we expressly held that the county court's order of incorporation appeared to be void upon its face, therefore, under repeated opinions of this court, was subject to collateral attack. Such is not the status of this record. The county court's order of incorporation of Gateway, Arkansas, of date, August 22, 1934, appears to be a valid

order upon its face, therefore not subject to collateral attack.

It follows from what we have said that appellants' complaint did not allege sufficient facts to constitute a cause of action in equity, and that the chancellor was correct in so deciding.

The decree must be affirmed.