BRADLEY AND HARDIN *v.* STATE.

4527                    213 S. W. 2d 901

Opinion delivered October 11, 1948.

*S. J. Reid,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellants were convicted of the offense of grand larceny. They have waived all assignments of error in their motion for new trial except Assignment No. 4, which challenges the validity

of the term of the circuit court at which they were tried and convicted. This point was raised in the trial court by motion of appellants to adjourn and continue the cases against them until the next regular term. The motion was filed and overruled on February 19, 1948. It alleges that court was not then legally convened as required by law and was, therefore, without jurisdiction to proceed in the cases; that said court was not convened on either of the first three days of the February, 1948, term and stood adjourned by operation of law until the next regular term; and that any proceedings had would be void and subject appellants to expensive litigation in violation of their constitutional rights.

For reversal of the judgment, appellants insist that the February, 1948, term of court had lapsed on February 19, 1948, and all proceedings had on that date and on April 27 and 28, 1948, when they were tried and convicted, are void.

Section 2832, Pope's Digest, fixes the time for convening and holding circuit court in Grant county on the third Monday in February and August. The convening order for the February, 1948, term of court reads as follows:

"THURSDAY MORNING, FEBRUARY 19, 1948

"BE IT REMEMBERED, that a Circuit Court was begun and publicly held in and for the county of Grant and State of Arkansas, in the Courthouse of Grant county, Arkansas, on the 19th day of February, 1948, said date being on Thursday after the third Monday in February the time prescribed by law for the holding of said Court, present and presiding the Hon. Thomas E. Toler, Judge of the 7th Judicial Circuit before whom the following proceedings were had, to-wit:"

The term as fixed by the statute thus began on February 16, 1948, said date being the third Monday in February. It is clear from the recitals of the convening order that court was not opened until Thursday following the third Monday, or the fourth day of the term. If court were held at a time unauthorized by law, its proceedings are void. In the early case of *Brumley* v. *State,*

20 Ark. 77, the Court said: "The meeting together of the judge, and officers of Court, at the place, but not at the time fixed by law for holding the Court, was not a Court, under our Constitution and laws; but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void, as heretofore held by this Court in *Dunn* v. *The State*, 2 Ark. 229, 35 Am. Dec. 54." See, also, *Williams* v. *Reutzel*, 60 Ark. 155, 29 S. W. 374, and cases there cited.

At common law, if the judge fails to appear on the date fixed by law for the opening of the term, the term lapses. The inconvenience resulting from the strictness of the common law rule led to a general enactment of statutes preventing a lapse of the term for a limited period. 21 C. J. S., Courts, § 155; 14 Am. Jur., Courts, § 35. The Legislature of 1837 adopted Rev. Stat., Ch. 43, §§ 25-27, which now appear as §§ 2850 and 2851 of Pope's Digest, and provide:

"Sec. 2850. Adjournment to third day. If any court shall not be held on the first day of the term, such court shall stand adjourned from day to day until the evening of the third day.

"Sec. 2851. Continuance of case upon lapse of term. If at that time the court shall not be opened, such court shall stand adjourned until the next regular term, and all cases, civil, penal and criminal, shall stand adjourned over until next term of such court. It shall be the duty of the clerk of such court, in such case, to enter upon his docket a continuance of all suits and prosecutions."

In *Neal* v. *Shinn*, 49 Ark. 227, 4 S. W. 771, this court held that §§ 2850-51, *supra*, were not abrogated by Art. 7, § 21, of the Constitution of 1874, which provides for the election of special judges. In that case the regular judge did not appear on the first two days of the regular term and the attorneys in attendance failed to elect a special judge on the second day of the term under the constitutional provision. However, the regular judge did appear and assume his duties on the third day of the term which was held permissible and prevented the lapse of the term. The court said: "Construing these provi-

sions as *in pari materia* with the Constitution (*Billingsley* v. *State,* 14 Md. 369), the conclusion is, that if the. attorneys fail to exercise their privilege of choosing a special judge at 10 o'clock of the second day of the term, and the regular judge does not appear, the court will stand adjourned until the next day, when he may lawfully assume the duties of the bench.'' In reference to the constitutional provision the Court also said: ''The provision recognizes the right of the regular judge to appear at any time during the term and assume his judicial duties, if a special judge has set and kept the machinery of the court in motion.''

According to the record before us in the case at bar, the attorneys in attendance failed to exercise their privilege of electing a special judge under the constitutional provision so that the machinery of court might thereby be kept in motion. Nor did the regular judge appear and open court until the fourth day of the term. Under the plain provisions of the statute (§ 2851, Pope's Digest) the term lapsed on the evening of February 18, 1948, the third day of the term.

It is contended by the State that appellants submitted to the jurisdiction of the court by filing a motion to quash the information after the trial court overruled their motion to adjourn and continue the cause. Since the court was not legally in session and was without authority to proceed, appellants could not submit to jurisdiction that was nonexistent. Jurisdiction being lacking in the first instance, it could not be conferred by consent.

Counsel for the State also argue that the record of the ruling of the court on appellants' motion to adjourn and continue the case is improper and insufficient for this court to review. The record reflects a notation following the filing mark of the clerk on the motion, ''Motion Overruled—Exceptions Saved.'' While it is true that the record does not show a formal order overruling the motion and is not to be approved as a precedent, we think it sufficiently reflects the action of the trial court. *Tong* v. *State,* 169 Ark. 708, 276 S. W. 1004. Besides, the

State is hardly in position to urge the point. The record further shows that the prosecuting attorney, on the date of trial, also moved to continue the cases because of the lapse of the term, and this motion was likewise overruled by the trial court.

The State also insists that the trial judge was authorized to open court on the fourth day of the term under the provisions of § 31 of Initiated Act No. 3 of 1936 (Acts of 1937, p. 1397) and Act 202 of 1943. Section 31 of the initiated act is applicable to criminal proceedings only, while § 1 of Act 202 of 1943 applies to all proceedings and reads as follows:

"Section 1. When any Circuit Court is duly convened for a regular term the same shall remain open for all criminal, civil, or special proceedings until its next regular term, and may be in session at any time the judge thereof may deem necessary; but no such session shall interfere with any other court to be held by the same judge. If the time has not been fixed by the Court, or unless in such cases they are required by law to take notice, all interested parties, together with their attorneys, shall receive notice from the Clerk of said Court of any proceeding affecting their rights, and shall be given time to prepare to meet such proceedings."

It is insisted that the above section authorizes the action taken by the trial court when it is construed in connection with the title of the Act, which reads: "An Act Declaring Circuit Courts Open at All Times for Civil and Criminal Proceedings." We cannot agree with this contention. By § 1, the power and authority of the judge to convene court at any time he "may deem necessary" is predicated on the prerequisite that court has been first "duly convened for a regular term." It is true that the enactment of both the initiated act and the 1943 statute effected a more liberal procedure in the time and manner of holding courts. The initiated act specifically repealed many prior statutes on the subject, but left intact §§ 2832, 2850 and 2851 of Pope's Digest.

On the record here, we conclude that the February, 1948, term of the Grant Circuit Court lapsed on the eve-

ning of February 18, 1948, and that the proceedings had thereafter are void and of no effect. It appears from the record that appellants were regularly charged by information filed by the prosecuting attorney at a prior term of court. Since their trial and conviction were void, the State may elect to conduct another trial. The judgment is accordingly reversed, and the cause remanded for trial.