ARKANSAS AND OZARK RAILWAY *v.* TOWN OF BUSCH.

5-277                              264 S. W. 2d 54

Opinion delivered February 1, 1954.

*H. G. Leathers,* for appellant.

*J. E. Simpson,* for appellee.

E<small>D</small>. F. McF<small>ADDIN</small>, Justice. This is a direct attack on the order incorporating the Town of Busch, in Carroll County.

On March 9, 1953, the County Court of Carroll County granted the petition of Ernest Huffman and 21 others and declared the Town of Busch to be incorporated. (See § 19-101 *et seq.* Ark. Stats.) Within 30 days thereafter, The Arkansas and Ozark Railway (appellant here) filed the present proceeding in the Carroll Circuit Court, seeking, under § 19-105 *et seq.* Ark. Stats., to annul the order of incorporation, and alleging, *inter alia*:

". . . that this proposed town is approximately 3 miles long and in most places ¼-mile wide; that it runs from the state Highway No. 62 to the Missouri line; that the area is thinly settled and has therein one store belonging to the agent for petitioners, Mr. Ernest L. Huffman, whose expressed principal reason for the incorporation of the town is to enable him to sell gasoline at Missouri prices; that the proposed incorporated town does not contain the requisite number of inhabitants; that the limits of said town are unreasonably large."

The allegations of the complaint being denied, the cause was heard by the Circuit Court; and judgment was entered sustaining the County Court's order of incorporation. From an unavailing Motion for New Trial, there is this appeal.

We conclude that the Circuit Court order is without substantial evidence to sustain it, and therefore, must

be reversed, and the incorporation of Busch must be annulled. § 19-106 Ark. Stats.[1] provides that ". . . if it appears to the satisfaction of the court . . . that the limits of said proposed incorporated town are unreasonably . . . large . . . then the said court . . . shall order the record of said incorporated town to be annulled; . . ." In the case at bar, all the evidence established the situation mentioned in the quoted Statute. The area of the proposed Town of Busch extends two and three-quarter miles along the public road from Mr. Huffman's store on the South to the Missouri line on the North; and the area is about one-quarter mile wide. There is only one store in the proposed town: no church, and no schoolhouse. Mr. Huffman owns all the land on the public road that is in the Town, and only 21 other people live in the entire area sought to be incorporated. Mr. Huffman—the moving spirit in the incorporation effort—admitted on cross-examination, that his desire to sell gasoline at the Missouri prices was a substantial factor in the effort for incorporation.[2]

---

[1] For some of our cases involving either collateral or direct attack on original incorporation of towns see: *Waldrop* v. *K. C. So. Ry. Co.*, 131 Ark. 453, 199 S. W. 369, L. R. A. 1916B, 1081 (and Annotation); *Bragg* v. *Thompson*, 177 Ark. 870, 9 S. W. 2d 24; *Bridges* v. *Gateway*, 192 Ark. 411, 91 S. W. 2d 592; and *McCarroll* v. *Arnold*, 199 Ark. 1125, 137 S. W. 2d 921.

[2] Here are portions of Mr. Huffman's testimony:

"Q. Did you testify before the County Court that the main purpose of this Incorporation was to sell gasoline at Missouri prices?

"A. I said one of the reasons. I don't know whether I said it was the main reason or not, but I said it was one of the reasons.

"Q. Well, you wouldn't say that you didn't say it was the main reason?

"A. No, I wouldn't say that.

"Q. It is the main reason, isn't it?

"A. Well, I think we should have one there, and I'll tell you why. Nineteen miles stretch from there to Gateway, without any filling stations is very inconvenient for a lot of people. . . .

"Q. So, you and Albert got together on the proposition to put the station there and conceived the plan, then, of running this to the Missouri line, in order to sell this gas at Missouri rates, didn't you?

"A. Well, I don't know, I asked him.

"Q. But, that's what first suggested the idea of the town there, wasn't it?

"A. Well, I've thought about it for years.

"Q. Selling gas at Missouri prices?

"A. Surely."

Thus a tract of rough terrain, about one-quarter mile wide and extending two and three-quarter miles along the public road from Huffman's store to the Missouri line, is sought to be incorporated into a town; and limits of the town were designed in order that Huffman might sell gasoline at the Missouri prices. We conclude that all the testimony shows that the limits of the proposed Town of Busch are unreasonably large; and that the Circuit Court should have entered a judgment annulling the County Court order of incorporation.

The Circuit Court judgment is reversed and the cause remanded, with directions to enter a judgment in accordance with this opinion, and for further proceeding as specified in § 19-106 *et seq*. Ark. Stats.