Sanders, County Judge *v.* Killebrew.

5-2477                                            349 S. W. 2d 808

Opinion delivered October 9, 1961.

*John B. Driver,* for appellant.

*N. J. Henley,* for appellee.

Sam Robinson, Associate Justice.    The issue here is the validity of an order of the county judge determining the necessity of a county hospital and an order submitting to the voters at the general election the question of assessing a tax to provide funds to construct and maintain the hospital.   Pursuant to the order of the county judge signed September 8, 1960, the matter was submitted to the voters and the election commissioners certified that the measure had carried.  Appellees filed this action to restrain the collection of the tax and the sale of the bonds.

We reach only one question: the chancellor held that the order of the county judge finding the necessity of building a county hospital and the order submitting the question of a tax to pay for the construction and maintenance of the hospital were void for the reason that the county judge did not act judicially as the county

court in signing the orders. We agree with the decree of the chancellor. The county court of Searcy County was not opened for any of its terms as provided by statute [Ark. Stats., § 22-603] during the year 1960. They were not signed at any place of holding court.

Appellants contend that the case at bar is a collateral attack on an order of the county court and that the proper procedure is by appeal to the circuit court from the orders in question. Ordinarily this would be true, but here we have orders void because not rendered by a court. The county court had not been convened and the alleged orders were not signed at the place of holding court. Amendment No. 17 to the Constitution, dealing with the construction of county hospitals, provides that the county court may make necessary orders in connection with building a hospital. The county court acting within its powers is a court of superior jurisdiction, and its judgment cannot be attacked collaterally except for want of jurisdiction or errors appearing on its face. *Strawn* v. *Campbell,* 226 Ark. 449, 291 S. W. 2d 508. But "a judgment void *ab initio*  *  *  *   may be so declared on collateral attack." *Bragg* v. *Thompson,* 177 Ark. 870, 9 S. W. 2d 24. Ark. Stats., § 22-115 provides that if any court shall not be held on the first day of the term, it shall stand adjourned until the evening of the third day. Section 22-116 provides that if the court is not opened at that time it shall be adjourned until the next regular term. Here it does not appear that the county court was opened at any time during the year. The orders in question were made at the county judge's house or at a lawyer's office.

In *Bottoms* v. *Borah,* 120 Ark. 631, 179 S. W. 996, this court held that the county court could only make a valid order in term time at the county seat and no order could be made at another point in the county where the court was not legally in session.

In *Bradley & Hardin* v. *State,* 213 Ark. 927, 213 S. W. 2d 901, the court quoted from *Brumley* v. *State,* 20 Ark. 77, as follows: " 'The meeting together of the

judge, and officers of Court, at the place, but not at the time fixed by law for holding the Court, was not a Court, under our Constitution and laws; but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void, as heretofore held by this Court in *Dunn* v. *The State,* 2 Ark. 229, . . .' " In the case at bar not only had there been no opening of a term of court, but the orders were not signed at the regular place of holding court. The chancellor was therefore correct in holding that the orders are void.

Affirmed.