*Pro Se,* for appellant.

*Pro Se,* for appellee.

ROBERTS, JUDGE *v.* BROWN

5-3865

Opinion delivered January 10, 1966.

*Pro Se,* for appellant.

*Pro Se,* for appellee.

ED. F. McFADDIN, Justice. These are two friend-ly suits to have this Court determine the meaning and effect of Act No. 96 of 1965 insofar as the Act relates to the situation confronting the litigants. These two cases (Nos. 3865 and 3863) were submitted to this Court on Monday, December 13, 1965, and memorandum briefs were furnished thereafter; and on Monday, December 20, 1965, we issued a *per curiam* which read:

> "In No. 5-3863, Bean, Judge v. Roberts, Judge, the petition for prohibition is denied.

> "In No. 5-3865, Roberts, Judge v. Brown *et al.,* the petition for writ of *certiorari* is granted and the restraining order vacated and set aside.

> "An opinion will be subsequently delivered in these cases, but this *per curiam* is effective immediately."

This, now, is the Opinion mentioned in the *per curiam.*

The Fifth Judicial Circuit is composed of the Counties of Conway, Faulkner, Johnson, Pope, and Yell. (See Act No. 31 of 1889, as amended by Act No. 146 of

1955.) At the General Election in 1962 Judge Wiley W. Bean was elected as Judge of the Fifth Judicial Circuit and took office on January 1, 1963 for a 4-year term and is now serving as such Judge. Prior to the 1965 Legislature there was only one judge for the Fifth Judicial Circuit. The 1965 Legislature found that there was a large backlog of cases in the Fifth Judicial Circuit and Act No. 96 of 1965 created for a limited time (until December 31, 1966) a Second Division of the Circuit Court in each County in the Fifth Judicial Circuit. Section 5 of the said Act No. 96 fixes the time for holding circuit court in the Second Division of each County in the Fifth Judicial Circuit. Acting under his constitutional and statutory powers the Governor of Arkansas on February 23, 1965 appointed and commissioned Hon. Russell Roberts as Circuit Judge of the Second Division of the Fifth Judicial Circuit for the term ending December 31, 1966 and Judge Roberts is now serving as Judge of the Second Division, and Judge Bean is serving as Judge of the First Division, pursuant to the terms of said Act.

The regular terms of circuit court in Johnson County, as fixed by statute (Ark. Stat. Ann. § 22-310 [Repl. 1962]), are the first Monday in February and September; and Judge Bean, as Judge of the First Division, proposes to hold Court in Johnson County on these days, particular reference being to the first Monday in February as presenting the situation before us. The Act No. 96 specifies that the terms of the circuit court for the Second Division in Johnson County are the first Monday in December and July.

On the first Monday in December 1965 (December 6th) Judge Roberts had an order entered recessing his Second Division Court to December 8th. On that day lawyers were present; and Judge Roberts set a large number of cases for trial to begin on Monday, January 17, 1966, and appointed Jury Commissioners to select a trial jury for service in the Second Division beginning January 17, 1966. Judge Bean became apprehensive that

the Second Division Court, beginning on January 17, 1966, would interfere with his regular term beginning on February 7, 1966; and for that reason, and others, Judge Bean issued an order on December 9th, 1965, restraining the Sheriff and all other officials from calling Jury Commissioners to select trial jurors for Judge Roberts' court, scheduled to be held on January 17, 1966.

In Case No. 3865 in this Court Judge Roberts has filed a petition for writ of *certiorari* to have Judge Bean's restraining order brought to this Court and cancelled. In Case No. 3863 in this Court Judge Bean has sought a writ of prohibition from this Court to prevent Judge Roberts from holding the proposed court in Johnson County on January 17, 1966. In such petition Judge Bean alleged: (a) that Judge Roberts did not in fact open the term of court in Johnson County on the first Monday in December, as fixed by statute, and therefore the term lapsed; (b) that the finances of Johnson County are not sufficient to pay the expenses of a jury in the Second Division for January 17, 1966 and also for a jury in the First Division on February 7, 1966; (c) that there is no necessity for Judge Roberts to hold court in Johnson County in January 1966 as Judge Bean can easily dispose of all cases at his term of court beginning on the first Monday in February 1966; and (d) that for Judge Roberts to have court on January 17, 1966 and try the cases he has set for that session will necessarily extend over into February 1966 and thereby interfere with or prevent the regular term of court of the First Division on February 7, 1966, as fixed by statute.

Under Article 18 of the Constitution, the Legislative department of government has the power to determine the various judicial circuits and the time for holding of the courts; so the Legislature had the power to decide that a second division of the circuit court was needed in the Fifth Judicial Circuit and, having so determined, the Legislature had the power to fix the terms of court. Section 1 of the Act No. 96, here involved, reads:

"The Circuit Court of each county of the Fifth Judicial Circuit is hereby divided into two divisions, to be known as the First Division and the Second Division. The present Judge of the Fifth Judicial Circuit and his successors shall be the judge of the First Division and the office held by said Judge and his successors shall be known as Position Number One. The additional judge hereinafter provided for the Fifth Judicial Circuit shall be the judge of the Second Division of the Fifth Judicial Circuit, and the office held by such judge shall be known as Position Number Two of the Fifth Judicial Circuit."

Section 2 of the Act reads:

"Hereafter there shall be an additional judge of the Fifth Judicial Circuit who shall be appointed by the Governor and who shall hold office until December 31, 1966. Said judge shall possess the same qualifications and shall receive the same compensation as provided for the present judge of the Fifth Judicial Circuit. Said judge shall have the same powers and duties as are conferred upon other judges of the circuits of this State."

Thus, under the Act No. 96, Judge Roberts clearly has all the powers of a Judge of the Fifth Judicial Circuit, coequal with the powers of Judge Bean. That power includes, *inter alia,* the setting of cases and the appointment of jury commissioners for the impaneling of juries to try cases. With this understanding and assuming, without deciding, that prohibition might be a proper remedy, we come to the four points listed in the petition for prohibition in Case No. 3863.

(a)  The first point urged is that Judge Roberts did not open his Court on December 6th, the day fixed by Act No. 96, and that therefore his entire term lapsed. Assuming, but not deciding, that such a question could be raised in a case like this one between Judges, nevertheless we find no merit in the contention. On December

6th Judge Roberts had the Clerk of the Circuit Court of Johnson County issue an order opening the Court and recessing until December 8th; but Judge Roberts was not physically in Johnson County until December 8th, when he held Court, set cases, and appointed Jury Commissioners to select a jury for trials to begin January 17, 1966. Judge Bean claims that the failure of Judge Roberts to be physically present in Johnson County on December 6th caused the entire term of the Second Division of the Circuit Court in Johnson County to lapse for the full term.

We hold that the December 1965 term of the Second Division of the Circuit Court in Johnson County did not lapse. Even assuming that the order entered by the Clerk on December 6th was not valid, nevertheless, under Ark. Stat. Ann. § 22-115 [Repl. 1962], the Circuit Court would stand adjourned from day to day until December 8, 1965 (the third day); and on that date Judge Roberts was physically present and actually holding Court; so he fully complied with the provisions of Ark. Stat. Ann. § 22-115 [Repl. 1962], even if that section has not been modified by Ark. Stat. Ann. § 22-312 [Repl. 1962], which provides that circuit courts ". . . . shall be open, by operation of law, and shall remain open until the beginning of the next such term of the court; and no term of such court shall lapse by reason of the fact that the court was not formally opened at the beginning of the term.'"[1]

(b)  The second point urged in the petition for prohibition is that the finances of Johnson County are not sufficient to pay for two juries. There are several answers to this point. In the first place, the statement

[1]This § 22-312 is Act No. 207 of 1951 and was probably passed to overcome the effect of our holding in *Bradley* v. *State*, 213 Ark. 927, 213 S. W. 2d 901. Our holding in *Sanders* v. *Killebrew*, 233 Ark. 965, 349 S. W. 2d 808, related to county courts and not circuit courts. Our holding in *Howell* v. *Van Houren*, 227 Ark. 84, 296 S. W. 2d 428, related to a default judgment rendered by the Circuit Judge when not in the County; so these cases have no direct bearing on the question here.

is a conclusion of the pleader, with no figures to support the conclusion. Furthermore, we doubt if the point could be urged by one judge in a petition against another. Finally, it is not shown that it will cost Johnson County any more to have two juries handle twelve cases each than it would cost for one jury to handle twenty-four cases, assuming these are the number of cases to be tried to juries. Under Ark. Stat. Ann. § 17-409 [Repl. 1956] the expense of holding courts is the first item mentioned. The administration of justice in the courts is, therefore, deemed important enough to put such expenses before other county expenses.

(c) ⊢ The third point in the petition for prohibition is that there is really no need for having a term of Second Division Circuit Court in Johnson County at this time. That was a question for the Legislature to decide; and the Legislature decided that there should be a term of circuit court in Johnson County, and such constitutes a complete answer to the point.

(d) The final point is the apprehension by Judge Bean that the trial of cases in the Second Division of Circuit Court, commencing on January 17, 1966, may extend over and interfere with the February term of the First Division. This point brings us to the observation that judges of equal and co-ordinate courts should—and we feel sure they will—show proper comity to each other and each will practice the judicial restraint essential to the "wearers of the ermine." We feel sure that Judge Roberts will recess his Court so that Judge Bean will have the facilities of the courtroom for his regular term fixed by statute. No adjourned term should seek to preempt the facilities necessary for the regular term. For years and years circuit judges and chancellors throughout Arkansas have ascertained from one another when the court facilities were desired by the other, and hearings have been so arranged as to be smooth and orderly to all concerned. Entertaining, as we do, the views herein expressed, we made the *per curiam* order of Decem

ber 20, 1965; and now we have stated our reasons for such *per curiam*.