## TOWN OF OUITA *v.* John HEIDGEN and J. Madison WHITE

5-5096          448 S. W. 2d 631

Opinion delivered January 12, 1970

*Laws & Schulze,* for appellant.

*James Young* and *Williams & Gardner,* for appellees.

John A. Fogleman, Justice. This appeal is from a judgment of the Pope County Circuit Court which held void an order of the county court incorporating approximately 925 acres of land, near Russellville in Pope County, into the town of Ouita. The circuit court enjoined the incorporators from proceeding further with organization of the town under the county court order, and the incorporators prosecute this appeal under the name "Town of Ouita."

Approximately 80 resident landowners in the area involved filed their petition and plat in the office of the Pope County Clerk; the petition named Alfred B. Hettel, Jim Parrish and four other individuals to act in

behalf of the petitioners, and the other preliminary statutory procedure for incorporation was carried out. No one appeared in opposition to the petition at a hearing held by the county court, so the petition was granted and an order of incorporation was entered by the county court under authority of Ark. Stat. Ann. § 19-103 (Repl. 1968).

John Heidgen and J. Madison White filed this action to have the order of incorporation declared invalid. They alleged that the petition and notice in the incorporation proceeding did not accurately describe the area or territory proposed to be included within the corporate limits, which is a ground for injunctive relief under the provisions of Ark. Stat. Ann. §§ 19-105 and 19-106 (Repl. 1968). They also alleged that the petition for incorporation was not filed with a good-faith intention of establishing a town or city, but only for the purpose of preventing the territory from being annexed to the city of Russellville, which had already commenced annexation proceedings. Additional allegations were: the nature of the land and terrain was not of such character as to form an incorporated town, so that taxation levied for municipal purposes would constitute the taking of private property without making just compensation to the owners; the proposed incorporated town would be incapable of affording them with municipal services, thus depriving them of protection of life, liberty and property.

The circuit court found that the description of the proposed limits of the town of Ouita was vague and indefinite. That court also found that, from the testimony offered by the incorporators, it was apparent that there was no actual desire on the part of the residents living within the area proposed to reside in a municipal corporation. The court further found that the evidence showed conclusively that the proposed incorporation would be unable to offer any services as a city, the anticipated annual income from a five-mill general purpose tax amounting to less than $500. The cir-

cuit judge based his conclusions that the order of incorporation was void and that the complaining parties were entitled to an injunction upon our decisions in *Waldrop* v. *Kansas City Southern Ry. Co.*, 131 Ark. 453, 199 S. W. 369 and *Arkansas and Ozark Ry. Co.* v. *Town of Busch*, 223 Ark. 27, 264 S. W. 2d 54.

Appellant relies on the following points for reversal:

"The Court erred in admitting the plat (Tr. 47) attached to Plaintiff's Exhibit No. 1 and in finding that the limits of the Town of Ouita are vague and indefinite.

That the incorporation was not in good faith; that the Town of Ouita would not be able to offer services as a city; and that the property of Plaintiff, John Heidgen, would be taken by taxation without protection or just compensation.

That the Court erred in declaring the Order of the County Court of Pope County, Arkansas, entered on June 11, 1968, null and void and in enjoining the incorporators of the Town of Ouita from further proceedings."

We find no reversible error on the latter two points for reversal and consequently affirm the judgment. Although it appears that there is error in the court's finding that the description of the proposed corporate limits was vague and indefinite, this would not call for a reversal since our holding on the other two points would require affirmance of the judgment regardless of whether the description in the petition was totally void or was perfect.

It would only prolong this opinion to set out in detail the testimony adduced at the hearing before the circuit court, but Mr. John Heidgen testified that he is an owner of an undivided interest in nine acres included

within the designated limits of the proposed corporation and that none of the benefits usually derived from a municipal corporate entity such as streets, sewers, water mains, fire and police protection, is available, or likely to become available, if the town of Ouita is incorporated.

We have sustained attacks on orders of incorporation on the grounds relied upon by appellees and the trial court. See *Waldrop* v. *Kansas City Southern Ry. Co.*, 131 Ark. 453, 199 S. W. 369; *McCarroll* v. *Arnold*, 199 Ark. 1125, 137 S. W. 2d 921, *Arnold* v. *McCarroll*, (same case) 200 Ark. 1094, 143 S. W. 2d 35.[1]

The *Waldrop* case was a suit for injunction against the collection of taxes from a railroad in the purported town of Ogden, alleged by the taxpayer to be nonexistent. The trial court found the order of incorporation to be void. One of the bases for this finding was that the land was not of such character as could form an incorporated town. Since it was manifest that the owners of the lands involved could not derive any benefit from being placed within the limits of the town, and that the town was only incorporated for the purpose of organizing a school district, we said that the attempted organization was void as an arbitrary and unreasonable exercise of power. This, we held, constituted, insofar as a property owner and taxpayer was concerned, the taking of private property for public use in the form of taxation without giving any compensation, by way of protection to life, liberty, property, or otherwise.

---

[1] No question was ever raised here or in the trial court as to the propriety of the exercise of this jurisdiction by the law court, rather than the chancery court, by objection, motion to transfer or otherwise. Since the trial court reached a correct result, there would be no basis for reversal even if the case should have properly been filed in or transferred to the equity court. *Bank of Midland* v. *Harris*, 114 Ark. 344, 170 S. W. 67; *Shaphard* v. *Lesser*, 127 Ark. 590, 193 S. W. 262, 3 A. L. R. 247. This is not a case in which the circuit court is without any power to act on the subject matter. Furthermore, no question was raised as to the standing of appellees to bring this action.

Similarities in this case and *Waldrop* are so great that it constitutes binding precedent here.

It is admitted by appellants that: the 925 acres sought to be incorporated as the Town of Ouita are either open farmland, pastureland or timberland, on which there are rural homes; there are no platted areas other than a few lots on one corner; and the area is not generally what one would think of as urban territory. There is testimony by one of the representatives of the incorporators which supports the trial court's findings. He said that the people in the area involved were interested in agricultural pursuits and decided upon a movement to incorporate the Town of Ouita to avoid restrictive municipal ordinances such as would be imposed upon them if a proposal to annex the territory to the City of Russellville were effectuated. The testimony of the only other incorporator called as a witness was of the same tenor. He stated that he would rather be in Ouita than in Russellville. There was also substantial testimony that an incorporated town with the revenues that could be anticipated by Ouita could not furnish any municipal services. Closely parallel factors were considered in *Waldrop* to render the order of incorporation void. Upon similar evidence the incorporation of Omaha was held void in *Arnold* v. *McCarroll,* 200 Ark. 1094, 143 S. W. 2d 35.

We do not say that a desire for corporate government and services by a new municipal corporation rather than by annexation of the territory to an existing municipality could not be a legitimate reason for incorporation. We do say that the evidence that petitioners did not desire corporate government was substantial, and that a preponderance supports the findings made.

The circuit court's finding, that the proposed incorporation was not in good faith, did not reflect on the personal honesty and integrity of the petitioners. As a matter of fact their recorded testimony compliments

their personal honesty and integrity. While, at best, their testimony is vague and indefinite as to why they do want to incorporate the town of Ouita, it is amply clear that they simply do not want their lands annexed to Russellville where their property would be subject to corporate taxes and ordinances regulating the use of their property. It is obvious from the record that the incorporators concluded that they could best remove the threatened annexation to Russellville by incorporating their own town where their own town ordinances, if any, would not interfere with their rural farming operations. In other words, they sought incorporation to avoid municipal handicaps rather than to obtain municipal benefits.

The judgment is affirmed.